UNITED STATES of America,
Plaintiff-Appellant,

v.

Quentin Morgan PERRY,
Defendant-Appellee.

No. 79–3904

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 13, 1980.

William S. Sutton, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellant.

Mark J. Kadish, Atlanta, Ga., for defendant-appellee.

Before GEE, RUBIN and POLITZ, Circuit Judges.

POLITZ, Circuit Judge:

The government appeals a ruling of the district court, entered pursuant to a *James*[1] hearing, barring extra-judicial declarations by alleged coconspirators against Quentin Morgan Perry.  We affirm.

### The Background

On May 1, 1979, Perry and three others, James Malcolm Henry, James Edward Brown and Omar Ell, were charged in a one-count indictment with conspiracy to possess with intent to distribute quantities of cocaine hydrochloride, in violation of 21 U.S.C. § 846.  All entered pleas of not

---

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

1.  *United States v. James*, 590 F.2d 575 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979).  The purpose of a *James* hearing, which must be held out of the presence of the jury, is to determine whether an extra-judicial statement by one alleged coconspirator maybe used in evidence against another alleged coconspirator.

guilty. On June 18, 1979, Perry moved for a *James* hearing. On July 13, 1979, Ell pleaded guilty and was sentenced. On August 7, 1979, and October 5, 1979, the original indictment was superseded as to the three remaining defendants who were again arraigned and again entered not guilty pleas. On October 15, 1979, Brown's case was continued and severed to allow his new counsel an opportunity to prepare for trial.

On October 17, 1979, after the jury was selected but before it was sworn, the attorneys for Perry and Henry sought a hearing to determine the admissibility of certain coconspirator statements. Such a hearing was held out of the presence of the jury, at the conclusion of which the district judge stated:

> Gentlemen, I just don't believe there is enough substantial independent evidence as [defined] in *James* to permit the introduction of the declarations of the coconspirators in the matter against the defendant Perry, and therefore, I would rule that you could not put those declarations in to evidence on the main trial of the case.

> What you have shown is—I believe the definition used in some cases is mere presence or association, and that's not sufficient to show membership in a conspiracy.

Perry's case was severed, Henry was tried and the jury returned a verdict of not guilty.

The government then sought reconsideration of the ruling limiting testimony as against Perry. The district court entered a written order on November 27, 1979, in which it reviewed the evidence presented by the government at the hearing on October 17, 1979, and concluded:

> Other than the two instances described above the Government could not show any other connection between Perry and the alleged conspiracy. This does not meet the 'substantial independent evidence' test required in *United States v. James*, 590 F.2d 575. Therefore, the declarations of a co-conspirator are not admissible against Perry.

*Appealability*

An interlocutory appeal from a ruling after a *James* hearing may appear novel at first blush but statutory authorization exists in 18 U.S.C. § 3731:

> An appeal by the United States shall lie to a court of appeals from a decision or order of a district courts [court] suppressing or excluding evidence or requiring the return of seized property in a criminal proceeding, not made after the defendant has been put in jeopardy and before the verdict or finding on an indictment or information, if the United States attorney certifies to the district court that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding.

> The appeal in all such cases shall be taken within thirty days after the decision, judgment or order has been rendered and shall be diligently prosecuted.

No contest to the contrary is made, thus we will assume for purposes of this appeal only, and without deciding, that when the government appealed the written order of November 27, 1979, on the day it was entered (which was more than 30 days after the oral ruling in open court excluding the evidence) it acted timely under § 3731. We interpret § 3731 to permit of an appeal in an instance such as here presented. In that regard we agree with the Second Circuit's holding in *United States v. Flores*, 538 F.2d 939 (2d Cir. 1976).

*Standard of Review*

At issue is a factual determination, which includes both a quantitative and qualitative evaluation of the evidence. As to the factual findings there can be no question but that our standard of review is the clearly erroneous yardstick. Both parties cite our decisions in *United States v. Vicknair*, 610 F.2d 372 (5th Cir. 1979) and *United States v. Duckett*, 583 F.2d 1309 (5th Cir. 1978). Thus, we must determine whether the district court clearly erred when it concluded that the government had

failed to offer substantial independent evidence of Perry's involvement in the conspiracy aliunde the statements of the coconspirator.

### The Review-Facts

The evidence presented at the *James* hearing, as capsulated by the district court in its written order of November 27, 1979, places Perry in the presence of the confessed coconspirator and the other co-indictees on two occasions, once in the home of Brown in Detroit and once in a motel in Florida. There was no hard evidence that cocaine was present. There was no hard evidence specifically linking Perry to a conspiracy involving cocaine dehors the statements of the coconspirators, the admissibility of which were at the core of the inquiry. The necessity for the *James* type hearing is graphically portrayed in this case.

■ The district court was eminently correct in its ruling that mere presence or association is not sufficient to establish membership in a conspiracy. Presence alone is not enough. *United States v. Di Re*, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); *United States v. Reyes*, 595 F.2d 275 (5th Cir. 1979); *United States v. Soto*, 591 F.2d 1091 (5th Cir. 1979); *United States v. Chandler*, 586 F.2d 593 (5th Cir. 1978); *United States v. Caro*, 569 F.2d 411 (5th Cir. 1978); *United States v. Salinas-Salinas*, 555 F.2d 470 (5th Cir. 1977); *United States v. Duckett*, 550 F.2d 1027 (5th Cir. 1977). Likewise, mere association with those who are involved in a conspiracy is insufficient to establish participation. *Reyes, supra; Chandler, supra; United States v. Etley*, 574 F.2d 850 (5th Cir. 1978).

### The Review-Law

Recognizing the heavy burden it bears to cause us to overturn the factual findings by the district court, the government adroitly argues that the ruling was incorrect as a matter of law because there was ample evidence that Perry was actually involved in the conspiracy.

This argument fails to adequately assess the standard and procedure the en banc court established in *James* for handling the elusive issue posed by statements of coconspirators. The mantle of priming responsibility is placed squarely on the shoulders of the district court which must determine the admissibility vel non of the challenged statements. We spoke to the purpose of the *James* hearing in our recent decision in *United States v. Grassi*, 616 F.2d 1295, 1300 (5th Cir. 1980), in these words:

> The purpose of the *James* hearing is to establish the existence, or nonexistence, of the predicates for the admission of a coconspirator's extrajudicial declaration *before* the declaration is made known to the jury. To be admissible, the extrajudicial statement must have been made (1) by one who conspired with the party against whom the statement is offered, (2) during the course of the conspiracy, Fed.R.Evid. 801(d)(2)(E). Under *James* the responsibility for making these findings rests exclusively with the judge.

The conclusion obviously reached by the district court was that the evidence introduced at the *James* hearing reflected that Perry might have been aware of an illegal plan by the others but it did not, perforce, make him a part of the conspiracy. As we noted in *Grassi*, id. at 1301:

> It is a cardinal rule of conspiracy law that one does not become a conspirator simply by virtue of knowledge of a conspiracy and association with conspirators . . . The essence of conspiracy is the agreement to engage in concerted unlawful activity. To connect the defendant to a conspiracy, the prosecution must demonstrate that the defendant agreed with others to join the conspiracy and participate in the achievement of the illegal objective.

The district court concluded that the government had not carried its burden. The district court's factual findings are not clearly erroneous. Its legal conclusions are not incorrect. In reaching this decision we do as the district court did and restrict our review to the evidence presented to the court at the hearing on October 17, 1979. We specifically decline the government's in-

**32**

vitation to consider evidence presented at the subsequent trial of Henry. Perry was not present and his counsel did not participate in Henry's trial. That trial may not be considered a continuation of the *James* hearing.

Perry also extends an invitation to us. He invites us to direct the district court to dismiss the indictment. We decline the invitation.

The decision of the district court excluding the extrajudicial statements of alleged coconspirators is AFFIRMED.