[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14219

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

*versus*

JOHN HOLLAND,
EDMUNDO COTA,
WILLIAM MOORE,

Defendant-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:17-cr-00234-AT-CMS-1

_____

Before ROSENBAUM, JILL PRYOR, and LUCK, Circuit Judges.

PER CURIAM:

The motions to dismiss filed by Edmundo Cota and John Holland are DENIED and this appeal may proceed. The government appeals from the district court's pre-trial order denying the government's motion to admit alleged co-conspirator statements under Fed. R. Evid. 801(d)(2)(E). Although that is an interlocutory order and there has not yet been a trial or judgment, we have jurisdiction over this appeal under 18 U.S.C. § 3731.

Under § 3731, the government may file an interlocutory appeal from an order "suppressing or excluding evidence." 18 U.S.C. § 3731. Section 3731 must be "liberally construed to effectuate its purposes." *Id.* Our predecessor court held that an order denying the admission of alleged co-conspirator statements after a *James* hearing is an order excluding evidence for purposes of § 3731. *United States v. Perry*, 624 F.2d 29, 30 (5th Cir. 1980); *see United States v. James*, 590 F.2d 575, 578-82 (5th Cir. 1979) (providing process for evaluating whether alleged co-conspirator statements are admissible under Rule 801(d)(2)(E) before trial).

22-14219                Opinion of the Court                3

Because the district court denied the government's motion to admit the alleged co-conspirator statements after thoroughly considering their admissibility under Rule 801(d)(2)(E) and conducting what it called a *James* hearing on paper, we conclude that the order in this case is analogous to an order refusing to admit alleged co-conspirator statements after a *James* hearing, which is immediately appealable. *See Perry*, 624 F.2d at 30; *United States v. Drogoul*, 1 F.3d 1546, 1551 n.13 (11th Cir. 1993) (holding that an order is appealable under § 3731 if it has "the practical effect of excluding evidence at trial"). Furthermore, this conclusion is consistent with the liberal construction of § 3731 required by the statute itself.