**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Caleb Lindsey KELLEY, Jr., Defendant-Appellant.**

**No. 79–5353**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

April 11, 1980.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Rudy Hernandez, Jacksonville, Fla., for defendant-appellant.

Lawrence Gentile, III, Asst. U. S. Atty., Jacksonville, Fla., for plaintiff-appellee.

Before HILL, GARZA, and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Appellant Caleb Lindsey Kelley, Jr., was convicted by a jury trial of conspiracy to make false statements on applications for personal loans, credit cards, and All-in-One Preferred accounts, in violation of 18 U.S.C. § 371. He was also convicted on six substantive counts, charging violation by false loan application statements of 18 U.S.C. §§ 1014 and 2.

Kelley argues that the District Court erred in allowing two bank officers to testify that the documents concerned had the "capacity to influence" the bank, and in allegedly failing to charge the jury on an essential element of the substantive offenses. We affirm.

At trial, Mr. Raymond Parnell, an assistant vice-president and branch manager for Sun Bank of Jacksonville, was asked whether information on an application had the capacity to influence the bank's decision on granting the loan. Defense counsel objected, arguing that this was opinion testimony since Mr. Parnell had not approved the loan. The objection was overruled, and Mr. Parnell answered the question affirmatively, and several succeeding related questions about other documents. On cross-examination, counsel for Kelly questioned Mr. Parnell in detail concerning the capacity of the statements to influence the bank. Mr. Vaughn Sharpe, vice-president in charge of Sun Bank's loan operations, was also called by the Government. The Court allowed the same "capacity to influence" questions to be put to him, and the defense cross-examined on those questions. Kelley contends that the District Court erred in permitting the bank officers to testify, in effect, as expert witnesses, and argues that the "capacity to influence" question was an ultimate fact issue for the jury to decide. It is evident to us that the District Court properly allowed these questions.

The issue is not whether the approving officer was actually influenced, but

whether the statement was *capable of influencing* the bank. *United States v. Johnson*, 585 F.2d 119, 124–125 (5 Cir. 1978). Under the charge given, the question was one for the jury. Here, Parnell and Sharpe stated conclusions based on their own perception of the documents. Their statements were obviously helpful to the trier of fact. If they testified as experts, they were entitled to do so under Fed.R.Ev. 702,[1] in that they testified to having "special knowledge" of Sun Bank's loan policy. If they were not testifying as experts, then Fed.R.Ev. 701 authorized their answers. It reads in pertinent part:

> If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of his testimony or the determination of a fact in issue.

Finally, we note that Fed.R.Ev. 704 provides:

> Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.

Kelley next complains that the District Court failed to instruct that the question of "capacity to influence" must be proved beyond a reasonable doubt, and that it erred in not emphasizing "criminal motive and guilty mind." He submitted no proposed instruction in the District Court, but purports to quote from one now. We will not consider the tardy proposal.

The jury instruction given was plainly sufficient in our opinion. The Court charged that essential elements must be proved beyond a reasonable doubt, and that one such element is that "the defendant knowingly made a false statement or report concerning a material fact . . .". It was further charged that "A fact is materi-

al if it is relevant to the decision . . . and has the capacity of influencing them in making that decision." The Court instructed the jury on specific intent. Appellant's contentions are semantical and meritless.

AFFIRMED.

---

1. The rule reads:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.