**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert LUEBEN, Defendant-Appellant.**

**No. 86–1465.**

United States Court of Appeals,
Fifth Circuit.

Feb. 25, 1987.

David B. Lewis, Asst. U.S. Atty., Marvin Collins, U.S. Atty., Sidney Powell, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GOLDBERG and RANDALL, Circuit Judges, and WOODWARD,* District Judge.

RANDALL, Circuit Judge:

Robert Lueben appeals his conviction of the offenses of making materially false statements to a federally insured savings and loan institution, making false statements in a matter within the jurisdiction of a federal agency, and conspiring with and aiding and abetting others in doing so. Because we think that the district court erred in excluding evidence offered by Lueben on the issue of the materiality of the statements, we reverse.

## I.

Robert Lueben worked for Kitco Management from July 1982 to sometime in 1983 in the area of real estate sales and development. Lueben worked with investors in putting together financing for condominium projects in the Dallas area. Lueben assisted investors in the preparation of loan applications, financial statements, and tax returns for submission to savings and loan associations. Financing was obtained by grouping the investors into corporations and obtaining commercial real estate loans on which the individual investors were personally liable.

Lueben was indicted on 24 separate counts arising out of his activities at Kitco. Count 1 was a conspiracy count charging that Lueben conspired with Clifford and Kathryn Sinclair, two of the founders of Kitco, and with other unknown persons to prepare false loan applications, false financial statements, false income tax returns, and false employment verifications and submit them to various lending institutions

William J. Ruhe, Jr., Dallas, Tex., for defendant-appellant.

* District Judge of the Northern District of Texas, sitting by designation.

in violation of 18 U.S.C. §§ 1001[1] and 1014.[2]

Counts 2 through 5 charged the making of a false statement in a loan application to Empire Savings and Loan Association ("Empire") on July 30, 1982, and submitting false 1980 and 1981 tax returns to Empire, in violation of 18 U.S.C. §§ 1001 and 1014. Counts 6 through 9 charged the same conduct and offenses arising out of a loan application submitted to Bell Savings Association of Texas ("Bell") on October 8, 1982. Counts 10 through 14 also charged the same conduct and offenses, this time arising out of a loan application submitted to Bell on October 22, 1982. Counts 14 through 17 again charged the same conduct and offenses, this time arising out of the submission of a loan application to Lancaster First Federal Savings and Loan Association on November 4, 1982.

Counts 18 through 21 charged Lueben with aiding and abetting Melba Clark in making false statements on a loan application to Empire on January 7, 1983 and submitting false 1980 and 1981 tax returns with that application, in violation of 18 U.S.C. §§ 1001, 1014 and 2. Finally, counts 22 through 24 charged Lueben with aiding and abetting Clark in submitting false 1980 and 1981 tax returns along with a loan application to State Savings and Loan Association on May 27, 1983.

Lueben was tried before a jury, and was convicted on all counts. Lueben was sentenced to five years on count 1, two years on count 2, and one year on count 3, with the sentences to run concurrently. On counts 4 through 24, Lueben was sentenced to five years of probation, to be served consecutively with his sentences on counts 1 through 3. Finally, Lueben was fined $10,000. Lueben's motions for a judgment of acquittal and a new trial were denied by the district court.

Lueben appeals to this court, making a variety of arguments in support of a reversal. Specifically, Lueben argues (1) that the district court erred in denying his motion to sever the conspiracy and the aiding and abetting counts from the substantive counts; (2) that the evidence was insufficient to prove that the false statements were material; (3) that the district court improperly excluded the testimony of Lueben's expert witness on the issue of materiality; (4) that the evidence was insufficient to support his conviction on any of the counts; (5) that the district court erred in admitting the hearsay statements of coconspirators because there was insufficient evidence to show the existence of a conspiracy; and (6) that the district court's instructions on the burden of proof and on the issue of materiality constituted reversible error. Because we agree with Lueben's argument that the district court improperly excluded the testimony of Lueben's expert witness on the issue of the materiality of the false statements, we consider that argument first. We next consider Lueben's contention that the evidence was insufficient to convict him. Finally, we consider Lueben's argument that the district court erred in refusing to sever the conspiracy and the aiding and abetting counts from the substantive counts.

## II.

During the trial, Lueben offered the testimony of John A. Bezecny, an independent consultant and a certified financial examiner, as an expert witness in examinations of savings and loan associations and in the making of real estate loans by savings and

---

**1.** Section 1001 provides:

Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

**2.** Section 1014 provides in pertinent part:

Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of ... a Federal Savings and Loan Association ... upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan ... shall be fined not more than $5,000 or imprisoned not more than two years, or both.

loan associations. Out of the presence of the jury, Bezecny testified that in making the type of commercial real estate loans that were involved in this prosecution, a savings and loan association would look *only* to the value of the property securing the loan, and would not consider the income, employment, or net worth of the borrower in making the decision to make the loan. The clear inference from this testimony is that the false financial statements and income tax returns supplied by Lueben were not "material" to the saving and loan associations' decision to make the loans to Lueben.[3]

The government objected to the admission of this testimony, and the district court sustained the objection on the ground that under Federal Rule of Evidence 704, a party "cannot offer an expert opinion on one of the ultimate issues of fact, one of the ultimate issues in the case." As authority for this proposition, the district court cited *Matthews v. Ashland Chem., Inc.,* 770 F.2d 1303 (5th Cir.1985), and *Owen v. Kerr-McGee Corp.,* 698 F.2d 236 (5th Cir.1983). Lueben argues that under Federal Rule of Evidence 704, Becezny should have been allowed to testify, and that it constituted error for the district court to exclude his testimony.

The testimony that Becezny was going to offer went to the issue of the materiality of the false statements. The district court and the parties have assumed that materiality is a fact question for the jury with respect to the section 1014 counts, but constitutes a question of law on the section 1001 counts. Without deciding this issue, we assume for the purposes of this appeal that this is a correct statement of the law. We will therefore analyze separately the

effect of the district court's exclusion of the expert testimony on the section 1014 counts and on the 1001 counts.

■■■ With respect to the section 1014 counts, where the element of materiality presents a question for the jury, we hold that the district court misinterpreted our cases construing Federal Rule of Evidence 704, and that it was error for the district court to exclude the proffered evidence on the element of materiality from the jury. Federal Rule of Evidence 704 provides in full:

> Rule 704. Opinion on Ultimate Issue
> (a) Except as provided in subdivision (b), testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact.
> (b) No expert witness testifying with respect to the mental state or condition of a defendant in a criminal case may state an opinion or inference as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone.

In the Advisory Committee's note on the Federal Rules, the Committee noted that Rule 704 did not entirely do away with the "ultimate issue" rule. The Advisory Committee stated that Rules 701, 702, and 403 would "afford ample assurances against the admission of opinions which would merely tell the jury what result to reach." This line is not always an easy one to draw. The Advisory Committee notes to Rule 704 provide the following example:

> [Rules 701, 702, and 403] also stand ready to exclude opinions phrased in

3. "Materiality" of the false statements is an element of both a section 1014 and a section 1001 offense. *See, e.g., United States v. Baker,* 626 F.2d 512, 514 (5th Cir.1980) (§ 1001); *United States v. Greene,* 578 F.2d 648, 657 (5th Cir. 1978) (§ 1014), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1056, 59 L.Ed.2d 96 (1979).

This court has adopted similar definitions of "materiality" in section 1014 and section 1001 prosecutions. In a section 1001 prosecution, "[a] material false statement ... is one that is *capable* of affecting or influencing the exercise

of a government function." *United States v. Lichenstein,* 610 F.2d 1272, 1278 (5th Cir.), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980). Similarly, in a section 1014 prosecution, the false statements must have the "capacity to influence" the institution's decision to make the loan. *See United States v. Stephens,* 779 F.2d 232, 237 (5th Cir.1985); *United States v. Kelley,* 615 F.2d 378, 380 (5th Cir.1980); *United States v. Johnson,* 585 F.2d 119, 124 (5th Cir.1978).

terms of inadequately explored legal criteria. Thus the question, "Did T have capacity to make a will?" would be excluded, while the question, "Did T have sufficient mental capacity to know the nature and extent of his property and the natural objects of his bounty and to formulate a rational scheme of distribution?" would be allowed.

The two questions quoted above illustrate the major surviving exception to the rule that expert opinions on an ultimate issue are admissible: an expert may not express an opinion on a conclusion of law. This court used this exception to uphold the exclusion of the expert testimony in the two cases relied upon by the district court in excluding the expert testimony in this case. In *Matthews v. Ashland Chemicals, Inc.*, this court stated that the expert's answer to the hypothetical question posed in that case would simply tell the jury what result to reach and would allow the expert to voice a legal conclusion as to the proximate cause of the injuries suffered by the plaintiff in that case. *See* 770 F.2d at 1311. Similarly, in *Owen v. Kerr-McGee Corp.*, this court upheld the exclusion of expert testimony as to the legal cause of an accident. *See* 698 F.2d at 240.

We think that the proferred testimony in *Matthews* and *Owen* is different from that offered in this case, and that the proffered testimony in this case was admissible under Rule 704. By analogy to the example provided by the Advisory Committee set out above, we think that Becezny's testimony falls within the permissible, fact-oriented question. Lueben sought to ask Becezny the factual question of whether the false statements in this case would have "the capacity to influence" a loan officer of a savings and loan institution, not the legal question of whether the statements were "material."

This conclusion is supported by a prior decision of a panel of this court, which approved the introduction by the government of expert testimony in a section 1014 prosecution on the issue of whether certain documents had the capacity to influence a bank's decision to grant a loan, over a timely objection that such questioning embraced an ultimate fact issue for the jury to decide. *See United States v. Kelley*, 615 F.2d 378, 379–80 (5th Cir.1980).

██ The district court also excluded Becezny's testimony on the ground that it would confuse the jury, stating that "it would be unduly confusing to the jury to listen to this testimony and then try to explain to them that it only related to Section 1014 and not to Section 1001." We assume by this statement that the district court was relying on Federal Rule of Evidence 403 to exclude this evidence.[4] We review the district court's exclusion of evidence under Rule 403 under the abuse of discretion standard. *United States v. Burton*, 737 F.2d 439, 443 (5th Cir.1984). We hold that the district court abused its discretion in this case because it allowed the government to offer evidence on the issue of materiality, but not the defense. The district court permitted Mr. Mike Lee, a Federal Home Loan Bank Board ("FHLBB") examiner and an expert witness for the government, to testify that not only did the defendant's false tax returns have the capacity to influence the FHLBB examination, see Record Vol. IV at 124, but also that those documents were "material" to a verification of a FHLBB examination. Record Vol. IV at 120. We find it difficult to understand why this testimony would not confuse the jury when offered by the government but would confuse the jury when offered by the defendant. Hence, we hold that the district court erred in excluding Becezny's testimony, and we therefore reverse Lueben's convictions on the section 1014 counts.

---

4. Federal Rule of Evidence 403 provides:

Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

▇▇▇ Turning to the section 1001 counts, we think that the exclusion of Becezny's testimony also constituted reversible error on these counts. The determination of materiality in a section 1001 prosecution is for the court, not the jury. As this court has stated:

> While materiality is not an explicit requirement of the second, false statements, clause of § 1001, courts have inferred a judge-made limitation of materiality in order to exclude trifles from its coverage. A material false statement under this rule is one that is *capable* of affecting or influencing the exercise of a government function. That, as here, the government was not actually influenced by the statement is immaterial. The potential effect on the government need not involve pecuniary loss. The false statement must simply have the capacity to impair or pervert the functioning of a governmental agency. *Materiality rests upon a factual evidentiary showing by the prosecution.* The determination is, however, a question of law for the court, and therefore subject to complete review, unrestricted by the "clearly erroneous" standard.

*United States v. Lichenstein,* 610 F.2d 1272, 1278 (5th Cir.) (citations omitted) (emphasis supplied), *cert. denied,* 447 U.S. 907, 100 S.Ct. 2991, 64 L.Ed.2d 856 (1980); *see also United States v. Hausmann,* 711 F.2d 615, 616 (5th Cir.1983). Furthermore, "[i]f the factual showing [by the prosecution on the issue of materiality] is insufficient, a legal element of the offense is missing, and courts then direct a verdict of acquittal."

*United States v. Beer,* 518 F.2d 168, 172 (5th Cir.1975). The district court ruled Becezny's testimony inadmissible, and therefore did not consider it in making its determination on the issue of materiality in the section 1001 counts. Because the district court's finding on the issue of materiality requires an initial factual evidentiary showing by the prosecution, and if the factual showing is insufficient, the defendant is entitled to a directed verdict of acquittal, due process and the sixth amendment right to offer the testimony of witnesses requires that the defendant be allowed to offer rebuttal evidence to the district court to demonstrate that the factual showing by the prosecution was, in fact, insufficient.[5]

This is exactly what Lueben was attempting to do. The record reflects that Lueben was offering Becezny's testimony in rebuttal to the testimony of Lee, the government expert witness who testified that the false tax returns were material to FHLBB examinations of member financial institutions.[6] The government argues that Becezny's testimony was only relevant to the issue of materiality on the section 1014 counts, and not to the issue of materiality on the section 1001 counts. We disagree. In addition to rebutting Mr. Lee's testimony that the false tax returns were material to an FHLBB examination, Becezny's testimony was that FHLBB regulations did not require that income tax returns be included with a loan application. The section 1001 counts all involved the submission of false tax returns, and this testimony clearly bears on whether such returns were mate-

---

5. *See, e.g., Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), wherein the Supreme Court stated:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Id.* at 19, 87 S.Ct. at 1923; *see United States v. Weddell,* 800 F.2d 1404, 1410 (5th Cir.1986).

6. In arguing to the district court that Becezny's testimony should have been admitted, defense counsel stated:

> Also they put a witness on, Mr. Michael Lee, who made a statement relative to the documentation in the loan file. *We are putting this witness on in rebuttal to that witness also.* I think if you'll recall, Mr. Lee did not have any personal knowledge. He was an examiner with the FHLBB.
>
> And this witness is going to testify to things which are opposite to what Mr. Lee testified to, and those are the lending practices of savings and loans.

Record Vol. VI at 444 (emphasis supplied).

rial to a matter within the jurisdiction of a federal agency. Because the district court should have considered this testimony in making its decision on whether the false statements were material, we reverse Lueben's conviction on the section 1001 counts as well.[7]

■ Turning to Lueben's conviction on the aiding and abetting counts, we note that a conviction for aiding and abetting requires a finding that *some person* committed all of the elements of the offense. This court has stated:

> The aiding and abeting statute, 18 U.S.C. § 2, makes any one who "aids, abets, counsels, commands, induces or procures" the commission of a crime punishable as a principal. It is of course necessary that "some person or persons" have committed *all elements* of the crime before another can be guilty as a principal for aiding and abetting under 18 U.S.C. § 2.

*United States v. Blankenship,* 746 F.2d 233, 240 (5th Cir.1984) (emphasis supplied). Had the jury and the district court considered the testimony of Lueben's expert witness that the statements made by Melba Clark were not material, they might have concluded that no one committed all of the elements of the section 1001 and 1014 offenses, and that Lueben therefore could not be held criminally liable as an aider and abettor. Hence, we reverse Lueben's conviction on the aiding and abetting counts.

■ A similar analysis applies to Lueben's conviction on the conspiracy count. "The essential elements of conspiracy are an agreement between two or more people *to commit a crime* and an overt act done in furtherance of the agreement." *United States v. Holcomb,* 797 F.2d 1320, 1327 (5th Cir.1986) (emphasis supplied). The excluded testimony of Lueben's expert witness was that the false statements were not material. If the jury or the district court had considered this testimony, they might have concluded that, although Lueben and others agreed to submit false financial statements and income tax returns to federally insured savings and loan associations, those statements were not material and therefore this was not an agreement to commit a crime. To paraphrase a prior panel of this court, if the statements were not material, Lueben "could not be convicted of the criminal conspiracy; the performance of such an agreement, though perhaps morally reprehensible, would not violate [sections 1001 and 1014]." *United States v. Moschetta,* 673 F.2d 96, 99 (Former 5th Cir. Unit B April 1982) (citing *Iannelli v. United States,* 420 U.S. 770, 777, 95 S.Ct. 1284, 1289, 43 L.Ed.2d 616, 622 (1975)). Hence, we also reverse Lueben's conviction on the conspiracy count.

### III.

■ Lueben also challenges the sufficiency of the evidence to support his conviction on all of the counts. The test this court employs in assessing the sufficiency of the evidence to support a conviction is well-settled:

> It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilt, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence.

*United States v. Bell,* 678 F.2d 547, 549 (Former 5th Cir. Unit B June 1982) (en banc) (footnote omitted), *aff'd on other grounds,* 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). In applying this standard, "we must examine all the evidence and reasonable inferences in the light most

---

7. The government also argues that, even assuming that the district court's exclusion of Beczny's testimony was error, any such error was harmless. The government states correctly that the test is "whether the trier of fact would have found the defendant guilty beyond a reasonable doubt with the additional evidence inserted." *United States v. Lay,* 644 F.2d 1087, 1091 (5th

Cir. Unit A May 1981), *cert. denied,* 454 U.S. 869, 102 S.Ct. 336, 70 L.Ed.2d 172 (1981). Because Beczny's testimony went to the existence of an element of the offenses, and because this testimony was in rebuttal to the government's only witness on this issue, we cannot agree that the exclusion of this evidence was harmless beyond a reasonable doubt.

favorable to the government and determine whether a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt." *United States v. Fortna,* 796 F.2d 724, 740 (5th Cir.), *cert. denied,* — U.S. —, 107 S.Ct. 437, 93 L.Ed.2d 386 (1986). Under this test, the evidence would have been clearly sufficient to support Lueben's conviction, and we would be compelled to affirm, had the district court not excluded Becezny's testimony. The false financial statements, income tax returns, and employment verification forms were introduced into evidence and their falsity proven through the testimony of government witnesses. Lueben's conviction on the conspiracy count was supported by the testimony of Michael Faldmo, an alleged coconspirator, and Lueben's conviction on the aiding and abetting counts could be sustained on the basis of the testimony of Melba Clark, the person that Lueben was alleged to have aided and abetted in committing the offenses charged in the aiding and abetting counts. Hence, we reject Lueben's arguments that the evidence was insufficient to support his conviction.

Lueben also argues that the district court erred in failing to sever the conspiracy count and the aiding and abetting counts from the substantive counts. Because this issue is likely to arise on retrial, we address it briefly.

Rule 8(a) of the Federal Rules of Criminal Procedure provides three alternate bases for joinder of offenses:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are [1] of the same or similar character or are [2] based on the same act or transaction or [3] on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

Fed.R.Crim.P. 8(a). Rule 8 is to be broadly construed in favor of initial joinder. *United States v. Davis,* 752 F.2d 963, 971 (5th Cir.1985).

 Lueben argues that the section 1014 and section 1001 false statement charges are not of a similar character to the charges of conspiracy to violate these sections and aiding and abetting a violation of these sections. This argument is without merit. "Where a substantive count is within the scope of a conspiracy charged then their joinder is proper." *United States v. Nettles,* 570 F.2d 547, 552 (5th Cir.1978); *see also United States v. Cartwright,* 632 F.2d 1290 (5th Cir.1980) (permitting joinder of counts of misapplying funds of federally insured institution, falsifying documents, and conspiracy). Here, each count was based on Lueben's submission of false statements to federally insured lending institutions, and the offenses, though separate, were spatially and temporally related. The district court did not err in permitting joinder of the counts.

 Lueben also claims that he would have liked to testify with respect to one count but invoke his fifth amendment right to remain silent with respect to the others. Since joinder of the counts had the effect of denying him this possibility, Lueben argues that he has suffered prejudice by the district court's refusal to sever the counts. "[A] defendant seeking severance of charges because he wishes to testify as to some counts but not as to others has the burden of demonstrating 'that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other.'" *Davis,* 752 F.2d at 972 (quoting *United States v. Forrest,* 623 F.2d 1107, 1115 (5th Cir.), *cert. denied,* 449 U.S. 924, 101 S.Ct. 327, 66 L.Ed.2d 153 (1980)). Lueben's "bare allegation that he wanted to testify with respect to one count but not with respect to the other[s] gave the trial judge no factual basis on which to evaluate possible prejudice." *Forrest,* 623 F.2d at 1115. The district court did not err in denying Lueben's motion to sever.

### IV.

For the above reasons, the judgment of the district court is REVERSED.