**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert LUEBEN, Defendant-Appellant.**

**No. 86–1465.**

United States Court of Appeals,
Fifth Circuit.

May 1, 1987.

William J. Ruhe, Jr., Dallas, Tex., for defendant-appellant.

David B. Lewis, Sidney Powell, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before GOLDBERG and RANDALL, Circuit Judges, and WOODWARD,[*] District Judge.

PER CURIAM:

We write again to modify our prior opinion in this case. *See United States v. Lueben*, 812 F.2d 179 (5th Cir.1987). The purposes of this opinion are fourfold: first, we vacate that part of our prior opinion

---

[*] District Judge of the Northern District of Texas, sitting by designation.

reversing Lueben's convictions; second, we remand this case to the district court for an evidentiary hearing; third, we decide the two issues that we did not need to decide in our prior opinion; and fourth, we order that any subsequent appeal in this case be to this panel.

### I.

The facts of this case are set out in the original opinion of this panel, and are reported at 812 F.2d at 181–182. Hence, we will not repeat them here. Suffice it to say that Lueben was indicted for submitting false loan applications, income tax returns, and financial statements to savings and loan associations for the purposes of obtaining condominium development loans, in violation of 18 U.S.C. § 1014, and for conspiring with and aiding and abetting others in doing so, in violation of 18 U.S.C. §§ 371 and 2. Furthermore, Lueben was indicted for violating 18 U.S.C. § 1001, which prohibits the making of a false statement in any matter within the jurisdiction of a federal agency. Lueben was convicted on all counts and appealed to this court.

In our first opinion in this case, we reversed Lueben's convictions because the district court excluded expert testimony offered by Lueben on the issue of the materiality of the false statements. While noting that prior decisions of this court have held that the question of the materiality of a false statement in a section 1001 prosecution was for the court, we also noted that the district court had submitted the question of materiality of the false statements to the jury with respect to the section 1014 counts. Since this issue was not raised by the parties on appeal, we expressly declined to decide the issue of whether the materiality of a false statement under section 1014 was also a question for the court. Six days prior to our decision in *Lueben*, this issue was decided by another panel of this court. *See United States v. Thompson*, 811 F.2d 841, 845 n. 4 (5th Cir.1987). *Thompson* held that the question of the materiality of a false statement in a section 1014 prosecution, as in a section 1001 prosecution, is for the court, not the jury. We

think that *Thompson*, decided before *Lueben*, should control the disposition of *Lueben*. Accordingly, we hold that the question of the materiality of the false statements that Lueben made to the various savings and loan associations should have been decided by the district court in both the section 1001 and the section 1014 counts. It follows, therefore, that it is unnecessary at this point to reverse Lueben's convictions, because the district court may itself decide the materiality issue at an evidentiary hearing held for that purpose. We therefore vacate that part of our prior opinion that reverses Lueben's convictions.

As we noted in our prior opinion in this case, however, the district court should itself have considered the testimony of Lueben's expert witness in making its determination on the issue of the materiality of the false statements. We therefore remand this case to the district court for an evidentiary hearing at which Lueben's expert is allowed to testify, and is subjected to cross-examination, on the issue of whether the false statements made by Lueben were material. After considering this testimony, the district court is to determine whether the statements were material— both with respect to the section 1001 counts and with respect to the section 1014 counts. If the district court decides that the statements were material with respect to the section 1001 counts or the section 1014 counts, then Lueben stands convicted upon all relevant counts. If, however, the district court decides that the statements were not material with respect to the section 1001 counts or the section 1014 counts, then it should vacate Lueben's convictions on all counts affected by its determination.

### II.

Because we reversed Lueben's conviction in our prior opinion in this case on the ground that the district court erred in excluding the testimony of Lueben's expert witness on the issue of the materiality of the false statements, we did not address some of the other arguments raised by

Lueben on appeal.[1] We address those arguments now.

Lueben argues that the district court erred in permitting Michael Faldmo, an alleged co-conspirator, to testify to statements made by Clifford Sinclair, another alleged co-conspirator, because the district court, in conducting the *James* hearing on the existence of a conspiracy, erroneously applied an incorrect evidentiary standard. Lueben states that the district court applied a "substantial evidence" standard when the proper standard is a "preponderance of the evidence," and that, when the proper standard is applied, the evidence is insufficient to admit the hearsay statements of co-conspirators. This court recently summarized the relevant jurisprudence on this issue. We stated:

> For extrajudicial co-conspirator statements to be admissible: (1) there must be a conspiracy; (2) the statement must be made during the course and in furtherance of the conspiracy; and (3) the declarant and the defendant must be members of the conspiracy. *United States v. James*, 590 F.2d 575, 578 (5th Cir.) (en banc), *cert. denied*, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979). The trial court alone is to determine whether the statements were admissible. *Id.* at 579–80. The trial court's determination is reversible on appeal only if clearly erroneous. *United States v. Perry*, 624 F.2d 29, 30–31 (5th Cir.1980).

> The "trial court's threshold determination of admissibility is normally to be made during the presentation of the government's case in chief and before the evidence is heard by the jury." *United States v. James*, 590 F.2d at 581. At this point in the trial, "as a preliminary matter, there must be *substantial independent* evidence of a conspiracy at least enough to take the question to the jury." *Id.* (emphasis in original) (citation omitted). At the conclusion of all the evidence, "on appropriate motion," the trial court must determine whether the

prosecution has satisfied the requirements of admissibility by a preponderance of independent evidence." *Id.* at 582.

*United States v. Miliet*, 804 F.2d 853, 856 (5th Cir.1986).

██ In this case, the district court conducted a *James* hearing out of the presence of the jury, and concluded that there was substantial independent evidence of the conspiracy to permit Faldmo to testify to statements made by Clifford Sinclair. Transcript Vol. IV at 173–74. At this point in the trial, that is all that is required by *James*. As we stated in *James*:

> Because of our conclusion, discussed below, that the trial court's threshold determination of admissibility is normally to be made during the presentation of the government's case in chief and before the evidence is heard by the jury, it is more appropriate to adopt a "substantial" evidence rule rather than one which requires, at that stage of the proceedings, a "preponderance" of the evidence.

*James*, 590 F.2d at 581. This determination was made by the district court in the case *sub judice*, and the district court applied the correct evidentiary standard in making its initial admissibility determination. Hence, we reject Lueben's argument that the district court incorrectly applied a substantial evidence standard to determine the threshold admissibility of the hearsay statements of Clifford Sinclair.

Of course, on appropriate motion at the close of the evidence, the district court is required to determine the admissibility of the statements by a preponderance of the independent evidence. The district court did this in this case. At the close of evidence, and after the jury began its deliberations, the district court concluded that the prosecution had shown by a preponderance of the evidence independent of any hearsay that a conspiracy existed, that Lueben and Sinclair were members of the conspiracy, and that the hearsay state-

---

**1.** We did, however, address and reject Lueben's argument that the evidence was insufficient to sustain his conviction on any of the counts and Lueben's argument that the district court erred

in failing to sever the conspiracy count and the aiding and abetting count form the substantive counts.

ments were made in furtherance of the conspiracy. Transcript Vol. VI at 641. This is all that is required by *James*.

■ Turning to the evidence presented by the prosecution at the *James* hearing, we think that it was sufficient to support the district court's finding of admissibility under the tests in *James*. The government's evidence at the *James* hearing consisted of a false employment verification written by Faldmo in connection with a loan from Bell Savings Association stating that Lueben held the position of vice-president of Kitco and received a monthly salary of $5,500, a false employment verification written by Lueben in connection with a loan application submitted to Bell Savings and Loan Association stating that Imogene Dann worked for Bob Lueben and Associates, a fictitious company, and earned a monthly salary of $4,000, and copies of both the real and the fictitious tax returns filled out by Lueben. Furthermore, Faldmo testified to the existence of the conspiracy and to meetings between himself, Sinclair, and Lueben, the result of which was the falsification of tax returns and loan applications. Applying the tests in *James* to the facts of this case, we hold that the evidence was sufficient, both with respect to the initial determination of admissibility under the substantial evidence standard and with respect to the admissibility determination at the close of the evidence under the preponderance of the evidence standard, for us to conclude that the district court's decision to admit the hearsay statements of Clifford Sinclair was not clearly erroneous. Hence, we reject Lueben's argument that the district court erred in admitting the hearsay statements of Clifford Sinclair.

Lueben also argues that the district court's instructions to the jury that it had decided as a matter of law that the false statements were material under section 1001 but that the jury was to decide their materiality under section 1014 confused the jury and resulted in a clearly erroneous verdict. In objecting to this instruction at trial, Lueben argued that in informing the jury that the court had already decided that the statements were material with respect to the section 1001 counts, the court in effect directed a verdict against Lueben on the issue of the materiality of the false statements under the section 1014 counts. We need not address this argument because of our holding above that the determination of the materiality of the false statements was for the court under both the section 1001 and the section 1014 counts. On remand, if the district court finds that the statements were material under section 1014, then any error in the jury instructions on materiality is irrelevant. *Cf. Thompson*, 811 F.2d at 845 n. 4 (holding that the district court erred in submitting the materiality question under the section 1014 counts to the jury but deciding on appeal that the false statements in that case were material). If, on the other hand, the district court decides that the statements were not material under section 1014, then Lueben's convictions on all counts affected by its determination will be vacated and this argument will be moot. Hence, we express no opinion on the jury instructions in this case.

Finally, we order that any appeal from the district court's determination of whether the false statements made by Lueben were material will be to this panel.

### III.

For the above reasons, Lueben's conviction is AFFIRMED, subject to its being vacated by the district court as set forth above. This case is REMANDED to the district court for further proceedings consistent with this opinion.