# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 94-50646
_____

United States of America,

Plaintiffs-Appellee,

versus

Billie Mac Jobe, Stephen Taylor, Philip Mark Sutton, Stanley
Pruet Jobe, and Fernando Novoa,

Defendants-Appellants.

_____

### Appeal from the United States District Court
### for the Western District of Texas
_____

July 24, 1996

Before JONES and STEWART,[*] Circuit Judges.

EDITH H. JONES, Circuit Judge:

In their petition for rehearing, the appellants Billie
Mac Jobe ("Billie Mac"), Stanley Pruet Jobe ("Stanley"), Stephen
Taylor, Philip Mark Sutton, and Fernando Novoa raise a number of
issues, some of which require further analysis by this court.
Specifically, the Supreme Court's holding in _Ray v. United States,_
481 U.S. 736, 107 S. Ct. 2093 (1987) prevents this court from
invoking its concurrent sentence doctrine when a $50 special

_____

Like the panel opinion, this amendment is issued by a quorum.

assessment is imposed on each count of conviction.[1]  As a result, this court's original opinion, *United States v. Jobe,* 77 F.3d 1461 (5th Cir. 1996), is hereby amended as follows.  After carefully considering all of the challenges raised by the appellants and the underlying record, this court AFFIRMS all remaining convictions, except that it REVERSES Stanley's conviction as charged in Count 5 for making false statements on a loan application, and REMANDS Novoa for resentencing.[2]

**DISCUSSION**

I.    Conspiracy to Commit Bank Fraud: Count 1

All of the defendants were convicted under Count 1 of conspiring to commit bank fraud in violation of 18 U.S.C. §§ 1344, 1005, 1014, and 371.  All of the defendants urge that their convictions under Count 1 must be reversed because the district court neglected to instruct the jury that materiality was an element of the offense of conspiracy and that, as a result, their constitutional rights were violated when the district court failed

---

[1]    See also 18 U.S.C. § 3013 (providing that district courts shall assess a monetary charge "on any person convicted of an offense against the United States.").

[2]    The practical impact of this court's opinion on rehearing will be negligible as each count of conviction supports precisely the same prison sentence.  Because the government can collect $50 on each count from each of the appellants, however, *Ray* requires that this court address convictions that, even if reversed, would have no impact on the prison term of any of the appellants. We echo the concerns recently articulated by Judge Easterbrook for the wisdom of such a requirement:

> But here we are: the prosecution has invested tens of thousands of dollars to obtain the conspiracy convictions . . . and now we are grappling with some thorny issues to determine whether the $50 assessments stand.  All to what end? . . . So we trudge on, but with grave doubt the public resources have been wisely deployed.

*United States v. Duff,* 76 F.3d 122, 124 (7th Cir. 1996).

to tender this issue to the jury.[3]  Further, three of the defendants, Novoa, Taylor, and Stanley Jobe, contend that their convictions under Count 1 must also be reversed for lack of sufficient evidence.  Upon close examination, neither of these arguments has any merit nor requires reversal of the Count 1 convictions.

All of the appellants contend that the Supreme Court's recent decision in *United States v. Gaudin,* ___ U.S. ___, 115 S. Ct. 2310 (1995), requires reversal of their convictions under Count 1.  In *Gaudin,* the Supreme Court explained that where materiality is an element of the charged offense, the district court's failure to submit the question of materiality to the jury violates the defendant's Fifth and Sixth Amendment rights.  Id. at ___, 115 S. Ct. at 2320.  Although they cite no controlling precedent, the appellants suggest that materiality is an element of their convictions for conspiring to commit bank fraud.  Because the jury was not explicitly instructed to determine the question of materiality under Count 1, the appellants conclude that after *Gaudin,* their convictions under Count 1 must be reversed.

As this court explained in our original opinion, the effect of the *Gaudin* error, if any, on the multiple verdicts against these defendants is difficult to identify.  For instance, the threshold inquiry whether materiality is an element of the

---

[3]     The district court instructed the jury on Counts 3, 5, 7, and 10, but not on Count 1, that they "need not consider whether the false statement was a material false statement, even though that language is used in the indictment. This is not a question for the jury to decide."

3

convictions for conspiracy to commit bank fraud is subject to dispute. While bank fraud does require a finding of materiality as an element of that offense, *see, e.g., United States v. Spears*, 49 F.3d 1136, 1141 (6th Cir. 1995); *United States v. Davis,* 989 F.2d 244, 247 (7th Cir. 1993), the parties cite no caselaw expressly deciding whether materiality is likewise an element of the offense of conspiring to commit bank fraud.[4]

However, as previously noted, Count 1 charged each of the defendants with conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344, 1005, 1014, and 371. Section 371 is the general conspiracy statute, prohibiting any conspiracy to commit an offense against the United States or to defraud it. The other statutes referenced in Count 1, if prosecuted as independent offenses, would require the government to prove and the jury to find materiality. Section 1005, for instance, prohibits the making of false entries in any book, report, or statement of a federally insured bank with the intent to injure or defraud the bank. Materiality is an element of that offense. *See, e.g., United States v. Jackson,* 621 F.2d 216, 219 (5th Cir. 1980); *United States v. Rapp,* 871 F.2d 957, 963-64 (11th Cir. 1989), *cert. denied, sub. nom., Bazarian v. United States,* 493 U.S. 890, 110 S. Ct. 233 (1989). Section 1344, the statutory prohibition against bank fraud and, as discussed above, § 1014, which criminalizes the knowing use of false statements in loan applications to federally insured banks, both

---

[4]  This court's own extensive search of the caselaw has also failed to identify such an authority.

require material false statements. *See, e.g., United States v. Kelley,* 615 F.2d 378, 380 (5th Cir. 1980); *Rapp,* 871 F.2d at 964.

Given this statutory framework, while it is likely that the offense of conspiracy to commit bank fraud would also require the government to prove materiality, this court need not resolve that issue. Critically, none of the appellants objected at trial to the district court's failure to instruct the jury on materiality in Count 1 or in any other count. As a result, this court reviews the *Gaudin* claim of the appellants for plain error. *See, e.g., United States v. Randazzo,* 80 F.3d 623 (1st Cir. 1996); *United States v. Di Domenico,* 78 F.3d 294 (7th Cir. 1996); *United States v. Kramer,* 73 F.3d 1067 (11th Cir. 1996); *United States v. Keys,* 67 F.3d 801 (9th Cir. 1995), *reh'g en banc granted,* 78 F.3d 465 (9th Cir. 1996). Under plain error review, before this court can even consider reversing the appellants' convictions, the appellants must demonstrate that (1) there was an error; (2) it was clear or obvious; and that (3) this error affected their substantial rights. *United States v. Calverley,* 37 F.3d 160, 162-64 (5th Cir. 1994) (*en banc*) (*citing United States v. Olano,* 507 U.S. 725, 113 S. Ct. 1770, 1776-79 (1993)), *cert. denied,* ___ U.S. ___, 115 S. Ct. 1266 (1995). Even if the appellants satisfy this burden, the Supreme Court has explained that this court need not exercise its discretion to correct the error unless it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Olano,* 507 U.S. at ___, 113 S. Ct. at 1778. Hence, as this court detailed in its original opinion, even if we assume that *Gaudin*

5

error was plain because it became so after the trial and only on appeal, and even if we assume that the failure to instruct the jury on materiality was a "structural error" such that the appellants are not required to show prejudice, *see Keys, supra,* 67 F.3d at 810-11, we may still decline to exercise discretion to reverse the convictions.  As noted in the previous opinion, this court thoroughly considered the record and the overwhelming evidence adduced by the government at trial.  Although much of the evidence is circumstantial as to the existence of a conspiracy, it is more than sufficient to support the convictions under Count 1.  The fact that none of the appellants seriously contested the materiality of false statements or entries, moreover, strongly suggests that materiality was indisputable.  Consistent with our previous determination regarding Count 2, this court declines to exercise discretion to correct for the appellants the alleged *Gaudin* error on Count 1 by reversing their convictions.  This result does not effect a fundamental miscarriage of justice.

Having declined to exercise our discretion to correct any alleged *Gaudin* error in Count 1, the only remaining challenge to the convictions for conspiracy to commit bank fraud suggests that the evidence against Novoa, Taylor, and Stanley Jobe is insufficient to support these convictions.  In order to establish a conspiracy under 18 U.S.C. § 371, the government must prove beyond a reasonable doubt the existence of an agreement between two or more people to violate a law of the United States and that any one of the conspirators committed an overt act in furtherance of

that agreement.  *See, e.g., United States v. Faulkner,* 17 F.3d 745, 768 (5th Cir. 1994), *cert. denied,* ___ U.S. ___, 115 S. Ct. 193 (1994); *United States v. Chaney,* 964 F.2d 437, 449 (5th Cir. 1992). The government must also prove that the defendant knew of the conspiracy and voluntarily participated in it.  *Chaney,* 964 F.2d at 449.

Given this burden and the extensive evidence in this case, the challenge raised by Novoa, Taylor, and Stanley Jobe to the sufficiency of the evidence supporting their convictions is meritless.  The standard of review is whether, viewing the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the government, a "reasonable trier of fact could have found that the evidence established guilt beyond a reasonable doubt."  *United States v. Mergerson,* 4 F.3d 337, 341 (5th Cir. 1993), *cert. denied,* ___ U.S. ___, 114 S. Ct. 1310 (1994).  This court's original opinion carefully details the extensive evidence supporting the convictions of Novoa, Taylor, and Stanley Jobe. From all of the evidence and testimony presented to the jury in this case, a rational trier of fact could easily have decided that Novoa, Taylor, and Stanley Jobe conspired to commit bank fraud. Put differently, a rational jury could have concluded that Novoa, Taylor, and Stanley Jobe were knowing, voluntary participants in an agreement to commit bank fraud and that overt acts were committed in furtherance of that agreement; their convictions under Count 1 are affirmed.

II.  Making False Bank Entries:  Counts 4, 6, and 16

The jury convicted Sutton under Counts 4 and 6 of making false bank entries.  Taylor was also convicted of a similar offense under Count 16.  Finally, Stanley Jobe was convicted under Count 6 of aiding and abetting the making of a false bank entry.  The three appellants raise two broad challenges to their convictions: the first, a *Gaudin* claim; the second, a challenge to the sufficiency of the evidence underlying the jury's verdicts.  Specifically, Sutton raises a *Gaudin* challenge to his convictions under Counts 4 and 6, and Stanley Jobe echoes this challenge to his conviction under Count 6.  Taylor argues that there was insufficient evidence to sustain his conviction under Count 16, while Stanley Jobe similarly challenges the sufficiency of the evidence for his Count 6 conviction.

Count 4 charges that Sutton made false entries in the books, reports, and statements of Continental National Bank ("CNB") with the intent to deceive the national bank examiners, in violation of 18 U.S.C. §§ 1005 and 2.  Count 6 makes similar allegations under the same statutes, charging that Sutton made a material false entry with regard to the Deer Creek Spice loan in the records of Continental National Bank and that this entry was aided and abetted by Stanley Jobe.  As discussed earlier, materiality is an element of the offense proscribed by § 1005. *See, e.g., Jackson,* 621 F.2d at 219; *Rapp,* 871 F.2d at 963-64

(1989).[5]  By contrast, § 2 simply provides in relevant part that those who aid or abet an offense against the United States will be criminally liable as principals.  As this court explained in its original opinion in this case, materiality is not a prerequisite to convictions for aiding and abetting under § 2.  *See Jobe,* 77 F.3d at 1475 (although bank fraud requires materiality, aiding and abetting bank fraud has no such requirement).

Because § 1005 requires the government to prove materiality, Sutton's *Gaudin* challenge is the sole plausible constitutional attack on his convictions for Counts 4 and 6, and since neither Sutton nor any of the other appellants objected at trial to the district court's failure to instruct the jury on materiality in Counts 4 or 6, the attack is limited to plain error. Sutton has never questioned the sufficiency of the evidence to support these convictions.  We decline to grant relief to Sutton for the *Gaudin* error.

But Stanley Jobe challenges Count 6 for *Gaudin* plain error and on the additional ground that there is insufficient evidence to support his conviction for aiding and abetting the making of a materially false bank entry.  After reviewing the evidence and all of its reasonable inferences in the light most favorable to the government, we are persuaded that a reasonable jury could have concluded that Stanley Jobe aided and abetted the making of a materially false bank entry at CNB.  Though we need not

---

[5] The language of the indictment in both Counts 4 and 6 also charges that the false entries were material.

recount the evidence adduced at trial,[6] the jury could have reasonably concluded that Stanley Jobe had aided and abetted the making of the materially false statement in CNB records that the purpose of the Deer Creek Spice loan was to finance the acquisition of inventory; hence, his conviction under Count 6 is supported by sufficient evidence. The strength of the evidence that Stanley assisted his father and Sutton in procuring the Deer Creek Spice loan under false pretenses persuades us that appellate discretion need not be exercised to correct the lack of a materiality charge.

The sole, remaining challenge to a false entry conviction is raised by Taylor, who urges that his conviction under Count 16 is not supported by sufficient evidence. Count 16 alleged that on December 29, 1989, Taylor signed and issued a cashier's check for over $3,500,000 to Billie Mac Jobe, yet failed to disclose and detail this transaction in El Paso State Bank records until several days later on January 4, 1990. The trial was replete with evidence supporting Taylor's conviction under Count 16 and after examining the record and evidence in the light most favorable to the government, this court affirms the conviction as a reasonable trier of fact could have concluded that Taylor made a materially false entry in the EPSB records.

III. Making False Statements on a Loan Application: Count 5

Stanley Jobe was the sole defendant convicted by the jury under Count 5 of making false statements on a loan application, in

---

[6] This court's original opinion contains a thorough summary of the evidence and testimony at trial.

10

violation of 18 U.S.C. § 1014. Stanley Jobe attacks his conviction under Count 5, contending that it is infirm both because of *Gaudin* error and because it is plagued by insufficient evidence.

To prove a violation of 18 U.S.C. § 1014, the government must demonstrate beyond a reasonable doubt that "(1) the defendant made a false statement to a financial institution; (2) the defendant made the false statement knowingly; (3) he did so for the purpose of influencing the financial institution's action; and (4) the statement was false as to a material fact." *United States v. Thompson,* 811 F.2d 841, 844 (5th Cir. 1987). Even viewing the evidence in the light most favorable to the government, Stanley Jobe's conviction for making a false statement on a loan application is not supported by sufficient evidence.

Under Count 5, the government's theory of false statement is that Stanley Jobe misrepresented that the purpose of the Deer Creek Spice loan was to finance the acquisition of inventory, when its real purpose was to Billie Mac's overdrawn account. The government further suggests that this intentional misrepresentation was entered on a loan application made by Stanley Jobe at CNB, dated May 18, 1990. CNB was allegedly influenced by the false statement, which was relied upon by bank officers in the bank's loan approval committee.

But the record does not support the government's assertion that Stanley Jobe made a false statement on a loan application at CNB. In fact, it is undisputed that Stanley made no

**11**

direct representations concerning the loan.[7]  He was neither the borrower nor the payee of the proceeds, although he was a guarantor.  Moreover, Stanley Jobe did not sign any loan application at CNB on May 18, 1990; in fact, there was no loan application whatsoever, but only a loan presentation form that was compiled by CNB employees and unsigned by Stanley.  The promissory note was actually signed by Frank Owen.  At no time during trial did the government introduce into evidence a loan application on which Stanley Jobe made a false statement.  The government never offered testimony that Stanley directly caused a bank officer or anyone else to place false information on the loan application.  Because the government's evidence at trial was insufficient to allow a reasonable juror to conclude that Stanley was guilty of making false statements on a loan application, his Count 5 conviction is reversed.[8]

IV.  Novoa's Sentence Enhancements

On rehearing, Novoa again urges that the district court erred in applying a two level enhancement under § 3B1.1(c) because he did not manage or supervise any other criminal participant in the check-kiting scheme.  Novoa relies on the language in the commentary accompanying § 3B1.1(c) that indicates that he must

---

[7]     The record demonstrates that bank examiners investigating this loan at CNB did not suspect Stanley Jobe of criminal activity.

[8]     While this court holds that no reasonable jury could conclude that Stanley Jobe made false statements on a loan application as charged in Count 5, as we have already explained, a reasonable jury could have concluded that Stanley aided and abetted the making of false statements on the Deer Creek Spice loan as charged in Count 6.

supervise, manage, or control another co-defendant in order to qualify for the enhancement.

As this court explained in its original opinion, the record supports the conclusion that Novoa exercised management responsibility over the Jobe accounts. This type of managerial control may warrant an upward *departure* from the sentencing range under the management of assets theory described in USSG § 3B1.1(c), comment., n.2.

Novoa has correctly pointed out that the district court did not impose a departure, and this court's reasoning in adverting to grounds for a departure. The district court imposed a two-level upward *adjustment* under § 3B1.1(c) for Novoa's alleged role as an organizer, leader, manager, or supervisor of criminal activity. However, such an adjustment is proper only if Novoa was the organizer or leader of at least one other participant in the crime and if he asserted control or influence over at least that one participant. *See United States v. Ronning,* 47 F.3d 710, 711-12 (5th Cir. 1995). Because the record contains no evidence that Novoa managed or supervised any of his co-defendants or any other people in connection with the illegal check kite, this court must vacate the district court's upward adjustment of Novoa's sentence and remand for resentencing.

V.   Factual Clarification

In this court's original discussion of the facts of this case, we noted that "in late 1989, Jobe Concrete Products purchased a spice plant from the Baltimore Spice Co. for nearly $3,500,000

**13**

and Cal-Tex Spice Co." *Jobe*, 77 F.3d at 1466. The appellants now explain that this is technically incorrect, as Jobe Concrete Products was not actually the legal entity that purchased the relevant spice plant. Instead, the spice plant was purchased by Cal-Tex Spice Co., owned by Billie Mac Jobe and Frank Owen V. Because the appellants allege that this technical misstatement may somehow affect Jobe Concrete Products, Inc., our original opinion is hereby amended to clarify that the purchaser of the spice plant was actually Cal-Tex Spice Co. This factual amendment has no effect whatsoever on any of the reasoning or legal conclusions of either the original opinion or the instant one.

VI.  Other Issues raised on Rehearing

The court has carefully considered other issues raised on rehearing by appellants and finds them meritless.

**CONCLUSION**

For the foregoing reasons, this court on rehearing **AFFIRMS** all of the remaining convictions, except that it **REVERSES** Stanley's conviction as charged in Count 5 for making false statements on a loan application, and **REMANDS** Novoa for resentencing.