United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-20014
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN G. HOLLIMAN,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-411-3
---------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Allen G. Holliman ("Holliman") appeals his jury-trial conviction and sentence for conspiracy to commit bank fraud and four counts of bank fraud and aiding and abetting bank fraud. Holliman raises five issues on appeal. First, Holliman argues that the district court abused its discretion by excluding the testimony of an expert offered by Holliman's co-defendant. Assuming arguendo that the district judge abused his discretion in excluding the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

expert's testimony, we believe such an error was harmless, as "the trier of fact would have found the defendant guilty beyond a reasonable doubt with the additional evidence inserted." United States v. Lueben, 812 F.2d 179, 186 n.7 (5th Cir. 1987).

Second, Holliman asserts that the district court plainly erred in allowing hearsay testimony of communication that was not "in furtherance of" the conspiracy. Although the hearsay testimony consisted of statements that were not made in furtherance of the conspiracy, the admission of the testimony was not plain error and did not affect Holliman's substantial rights, as similar statements in furtherance of the conspiracy had been properly admitted. See United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002); United States v. Cornett, 195 F.3d 776, 782 (5th Cir. 1999).

Third, Holliman argues that the district court abused its discretion in refusing to grant a mistrial based upon the testimony of an FBI agent that Holliman obstructed justice. Viewed in light of the entire record, there is not a significant possibility that the prejudicial testimony had a substantial impact upon the jury verdict. See United States v. Layne, 43 F.3d 127, 134 (5th Cir. 1995).

Fourth, Holliman asserts that the district court erred in finding that he obstructed justice and adjusting his offense level pursuant to U.S.S.G. § 3C1.1. The district court correctly found that Holliman's conduct fell within conduct included under Application Note 4(c) of § 3C1.1 and constituted obstruction of

justice.  See United States v. Martinez, 263 F.3d 436, 441-42 & n.3 (5th Cir. 2001).

Finally, Holliman argues that the district court erred by failing to instruct the jury that the amount of the loss was an element of the offense that had to be found by the jury beyond a reasonable doubt.  The district court properly overruled Holliman's objection, as only facts that increase the penalty for a crime beyond the statutory maximum must be submitted to the jury and proven beyond a reasonable doubt.  Apprendi v. New Jersey, 530 U.S. 466, 489 (2000); United States v. Wilson, 249 F.3d 366, 380 (5th Cir. 2001).

AFFIRMED.