**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Richard Luigi LaCHAPPELLE,
Defendant-Appellant.**

**No. 76–2069
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

James A. Phyfer, Jackson, Miss. (Court-appointed), for defendant-appellant.

Robert E. Hauberg, U. S. Atty., Daniel E. Lynn, Asst. U. S. Atty., Jackson, Miss., for plaintiff-appellee.

Before BROWN, Chief Judge, and GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

■ Appellant Richard Luigi LaChappelle appeals from his conviction for violation of 18 U.S.C. App. § 1202(a)(1), which prohibits a convicted felon from receiving, possessing, or transporting in commerce a firearm. Appellant alleges four errors that he argues require reversal; we find each of these allegations to be without merit. First, appellant argues that his prosecution on a § 1202 charge violated the fifth amendment's prohibition against double jeopardy in that the gun was seized during an incident that gave rise to an assault charge that was litigated previously. Accordingly, appellant argues, because the assault charge was prosecuted and resulted in an acquittal, the Government's prosecution on the firearm charge violated the collateral estoppel principle held to be incorporated in the double jeopardy provision of the fifth amendment by the Supreme Court in *Ashe v. Swenson,* 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In *Ashe,* followed in this court in *Wingate v. Wainwright,* 464 F.2d 209 (5th Cir. 1972) and in *Blackburn v. Cross,* 510 F.2d 1014 (5th Cir. 1975), the Supreme Court held that when an "issue of ultimate fact has once been determined by a valid and final judgment, [it] cannot again be litigated by the same parties in any future law suit." 397 U.S. at 443, 90 S.Ct. at 1194, 25 L.Ed.2d at 475. Here, the issue of ultimate fact litigated in the prosecution for assault differed from that litigated in the charge of possession of a firearm by a felon. Accordingly, the district court did not contravene the principle of collateral estoppel embodied in the fifth amendment. Appellant also argues that the "same transaction" test, discussed in *Ashe,* prohibits prosecution of a second charge after another charge arising out of the same transaction has been litigated. We observe, however, that the "same transaction" test was articulated only in a concurring opinion by Justice Brennan, 397 U.S. at 448–60, 90 S.Ct. 1189, and was not adopted by the majority in *Ashe.*

■ Appellant also argues that the trial court erred in allowing the prosecution to introduce evidence of more than one felony conviction in order to prove that appellant was a convicted felon. We hold, however, that in allowing evidence of two felony convictions, the district court complied with the guidelines articulated in *United States v. Barfield,* 527 F.2d 858, 861 n. 5 (5th Cir. 1976).

■ Finally, appellant argues that the district court violated his sixth amendment rights, by limiting his cross-examination of Government witnesses, and his fourth amendment rights, in allowing the "fruit" of the alleged unlawful search and seizure of the gun to be introduced into evidence. As to the former contention, the district court properly restricted irrelevant testimony; as to the latter argument, the seizure of appellant's gun fit within the standard for "protective searches" outlined by the Supreme Court in *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). *See also United States v. Tharpe,* 536 F.2d 1098 (5th Cir. 1976) (*en banc*).

AFFIRMED.