UNITED STATES of America, Plaintiff-Appellee,

v.

Joseph WILSON, Defendant-Appellant.

No. 76–1970.

United States Court of Appeals, Fifth Circuit.

Feb. 10, 1977.

---

P. Bruce Kirwan, Federal Public Defender, Ralph Washington, Asst. Federal Public Defender, Atlanta, Ga., for defendant-appellant.

John W. Stokes, U.S. Atty., William F. Bartee, Jr., Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BROWN, Chief Judge, GODBOLD, Circuit Judge, and MEHRTENS, District Judge.*

MEHRTENS, District Judge:

The defendant appeals from a judgment of conviction upon an indictment in one count for violation of Title 26 U.S.C. §§ 5861(d) and 5871, possession of an unregistered destructive device as defined by Title 26 U.S.C. § 5845(f).[1]

The defendant contends that the evidence at trial was insufficient to establish that the device possessed by him was within the statutory definition of a "destructive device" or "bomb." More specifically he argues that the government failed to prove that the explosive device was not "commercial dynamite", which he asserts is an exception to § 5845(f) and that, therefore, the government failed to meet its burden of proving that the device was a "destructive device."

In the afternoon of August 5, 1974, Charles Owens returned home to find the defendant parked nearby. Owens entered defendant's van and engaged in conversation. They were joined by a Joe Cantrell. The defendant told Owens that he had something in his van he wanted to show him. The defendant produced an object and showed it to both Owens and Cantrell, saying that it was dynamite. Although the descriptions varied somewhat, both testified that the object was cylindrical, about 2½ to 3 inches in diameter and between 2 and 6 inches long. Owens testified that it had a fuse about 6 inches in length and prepared a sketch of the device. Neither man knew what the object was.

Shortly thereafter defendant took the device from his van and he and Owens drove in Owens' car (a green 1970 Plymouth Road Runner) to the vicinity of Taylor's home where they saw his van parked on the street. The defendant lit the fuse of the device and threw it in the open window of Taylor's van. The van was destroyed in the subsequent explosion about one minute later.

Owens had been convicted earlier of charges arising out of this incident and was not a defendant in this case.

In proving its case, the government introduced photographs of the destroyed van, the sketch of the device prepared by Owens, testimony of persons who heard the explosion, testimony of two witnesses who saw the device in defendant's possession before it was detonated, testimony of a witness who, within seconds before the explosion, saw a green 1970 Plymouth Road Runner automobile, which he knew to be owned by Owens, drive away from the scene of the explosion, and also testimony of a witness who saw defendant throw the device into the van. The government did not introduce any evidence as to what the device was or was not composed of.

The defendant relies primarily upon *United States v. Posnjak,* 457 F.2d 1110 (2nd Cir. 1972), and *United States v. Schofer,* 310 F.Supp. 1292 (E.D.N.Y.1970), holding

---

* Senior District Judge for the Southern District of Florida, sitting by designation.

1. A "firearm" or "destructive device" is defined as:
   (1) any explosive, incendiary, or poison gas (A) bomb, (B) grenade . . . or, (F) similar device;
   (2) * * *
       and

(3) any combination of parts either designed or intended for use in converting any device into a destructive device as defined in subparagraphs (1) and (2) and from which a destructive device may be readily assembled. The term "destructive device" shall not include any device which is neither designed nor redesigned for use as a weapon; . . .

that unaltered commercial dynamite is excluded from the statute.

The government depends upon *United States v. Morningstar,* 456 F.2d 278 (4th Cir. 1972), *cert. den.,* 409 U.S. 896, 93 S.Ct. 135, 34 L.Ed.2d 153; *Langel v. United States,* 451 F.2d 957 (8th Cir. 1971); *United States v. Oba,* 448 F.2d 892 (9th Cir. 1971); *United States v. Davis,* 313 F.Supp. 710 (D.C.Conn.1970); *United States v. Harflinger,* 436 F.2d 928 (8th Cir. 1970), holding that dynamite may be a destructive device if intended to be used as a bomb.

We disagree with defendant's contention that the explosive device used by him was beyond the reach of the statute. We could accept his conclusion only if we find that no device in which dynamite was the explosive material could constitute a statutory "destructive device" or "bomb."

The cases relied upon by defendant do not go that far. The purpose of the statute would be defeated by any interpretation which excluded from coverage home-made bombs having no lawful use simply because one of the components was dynamite, a material not in itself regulated as a firearm. Thus, while gasoline, bottles and rags all may be legally possessed, their combination into the type of home-made incendiary bomb commonly known as a Molotov cocktail creates a destructive device. *See, e. g., United States v. Tankersley,* 492 F.2d 962 (7th Cir. 1974); *United States v. Ross,* 458 F.2d 1144 (5th Cir.), *cert. den.,* 409 U.S. 868, 93 S.Ct. 167, 34 L.Ed.2d 118 (1972); *United States v. Banks,* 368 F.Supp. 1245 (D.S.D.1973); *United States v. Davis,* 313 F.Supp. 710 (D.Conn.1970). Similarly, a home-made time bomb is not excluded from the statute by virtue of the fact that its explosive power is derived from commercial dynamite. *United States v. Harflinger,* 436 F.2d 928 (8th Cir. 1970), *cert. den.,* 402 U.S. 973, 91 S.Ct. 1660, 29 L.Ed.2d 137 (1971); *see also United States v. Peterson,* 475 F.2d 806 (9th Cir.), *cert. den.,* 414 U.S. 846, 94 S.Ct. 111, 38 L.Ed.2d 93 (1973).

The uncontradicted evidence showed that the device was a small explosive bomb with a 6-inch fuse which when lit would detonate the bomb within one minute. The device was in fact detonated by a fuse lit by the defendant and thrown by the defendant into a van where the device exploded, destroying the van.

Under those facts it is immaterial whether the explosive charge was composed of dynamite or some other explosive material. It is self evident that the defendant intended to and did blow up and destroy the van and that the device used by him was both a destructive device and a bomb within the meaning of the statute.

The trial court correctly denied the defendant's motion for judgment of acquittal at the close of the government's case and at the close of all the evidence. Accordingly, the judgment and conviction are affirmed.