UNITED STATES of America,
Plaintiff-Appellee,

v.

Barnett GUTHARTZ,
Defendant-Appellant.

Nos. 77-2404 and 77-5306.

United States Court of Appeals,
Fifth Circuit.

May 18, 1978.

Rehearing and Rehearing En Banc
Denied June 26, 1978.

226

Leonard Moriber, North Miami, Fla., for defendant-appellant in both cases.

J. V. Eskenazi, U. S. Atty., Charles A. Intriago, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee in both cases.

Before WISDOM, TJOFLAT and VANCE, Circuit Judges.

VANCE, Circuit Judge.

This is an appeal by Barnett Guthartz from his conviction in the United States District Court for the Southern District of Florida of knowingly making a false statement to an agency of the United States government in violation of 18 U.S.C. section 1001.

Mr. Guthartz is an owner of the Bay Terrace Apartments in Miami Beach, Florida. Bay Terrace was financed by the Federal Housing administration under what is known as a 231 program which was designed to provide housing for the elderly and handicapped. Under a "regulatory agreement" between FHA and the owners the maximum amounts of the rents charged is regulated by FHA (now HUD).

In July and August 1975 Mr. Guthartz was undertaking to justify a rental increase and in that connection engaged in correspondence with the Department of Housing and Urban Development (HUD). The amount of the specific increase was contingent on information supporting increased costs and expenses, which was required to be supplied to HUD. A portion of such information involved "major expenditures" for capital improvements. In this connection Mr. Guthartz sent a letter to HUD dated August 29, 1975 wherein he stated:

> We are forced to expend $18,000.00 for a new Cooling Tower and $6,400.00 for a Manual Fire Alarm system.

On the face of the letter, beneath Mr. Guthartz' signature it was indicated that there were enclosures. One enclosure was an estimate theretofore provided to Mr. Guthartz by Mr. W. Edd Helm, Jr. concerning the fire alarm system. It reflected an installation cost in the amount of $3,800.00.

Subsequent to HUD's receipt of such letter and its approval of a rental increase, it was discovered that the actual cost of such fire alarm installation was $1,900.00. Mr. Guthartz' indictment followed.

18 U.S.C. section 1001 provides:

> Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willful-

ly falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000.00 or imprisoned not more than 5 years, or both.

Mr. Guthartz was charged with violation of this statute in a two count indictment. He was acquitted on count one, which involved the claimed cost of a cooling tower. Count two, on which he was convicted, read in part that:

> On or about August 29, 1975 in the Southern District of Florida, the defendant, Barnett Guthartz, did willfully and knowingly in a matter within the jurisdiction of the Department of Housing and Urban Development, an agency of the United States, make and cause to be made, by means of a letter . . . a materially false, fictitious and fraudulent statement that the installation of a fire alarm system cost $3,800.00 when in truth and in fact as he then and there well knew the actual cost of the installation of said fire alarm system was $1,900.00 . . . .

With respect to this indictment the trial judge charged the jury:

> Whether the letter referred to in the indictment includes its enclosures is a question to be resolved by the jury.

After conviction the defendant filed a motion for new trial based on newly discovered evidence, his contention being that the testimony of the government's witness, Mr. Edd Helms, may have been untrue. An evidentiary hearing was held on such motion at which testimony was taken from an attorney for the defendant, from the defendant himself and from Mr. Helms. The court denied the motion for new trial and this appeal followed.

Defendant first argues that the indictment was defective and that there was a fatal variance between the indictment and the proof adduced at trial. Specifically he claims that the indictment charged him with "making" a false statement but that the proof showed the "using" of false documents. Mr. Guthartz claims that the statute proscribes making false statements or using false documents in the disjunctive and that they are separate and distinct offenses. It is his position that the particular writing shown to have been false was the enclosed estimate, which was not *his* statement. Because he was not charged with the *use* of a false document he says that he was insufficiently charged and that there was a fatal variance between the proof and the charge made in count two.

 If we should concede that the indictment might have been more precisely drawn this would not necessarily lead to the conclusion that reversible error has been committed. Specificity does not determine the sufficiency of an indictment. The established test is that the indictment first, must contain the elements of the offense charged and fairly inform the defendant of the charge against which he must defend; and second, enable him to plead an acquittal or conviction in bar of any future prosecution for the same offense. *Hamling, et al. v. United States*, 418 U.S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Its validity is determined by practical, not technical, considerations. *United States v. London*, 550 F.2d 206 (5th Cir. 1977); *United States v. Markham*, 537 F.2d 187 (5th Cir. 1976), *cert. denied* 429 U.S. 1041, 97 S.Ct. 739, 50 L.Ed.2d 752 (1977). The challenged indictment clearly meets the requirements of this rule. The elements of the offense were set forth and the accused was sufficiently advised as to the manner in which he was alleged to have violated the statute.

 A somewhat more convincing argument is presented by defendant's contention that there was a fatal variance between the indictment and the proof. The traditional statement of the controlling rule reflects merely a second facet of the same principles governing the indictment's sufficiency:

> The general rule that allegations and proof must correspond is based upon the

obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense. *Berger v. United States*, 295 U.S. 78, 82, 55 S.Ct. 629, 630, 79 L.Ed. 1314 (1935).

Later cases require that an added dimension be considered. The supreme court pointed out in *Stirone v. United States*, 361 U.S. 212, 218, 80 S.Ct. 270, 273, 4 L.Ed.2d 252 (1960) "The very purpose of the requirement that a man be indicted by grand jury is to limit his jeopardy to offenses charged by a group of his fellow citizens acting independently of either prosecuting attorney or judge." This application of the Fifth Amendment was the foundation of this court's holding in *United States v. Lambert*, 501 F.2d 943 (5th Cir. 1974) that if an indictment enumerates the particular facts alleged to constitute the element of a charged crime and the proof makes out the elements in a different manner, a fatal variance results. In looking to the evidence, therefore, we consider both aspects: that the accused must have been adequately apprised of that which he was called on to defend and that there must have been no infringement of his right to be tried only on charges presented in an indictment by a grand jury; as well as the requirement that he be protected from a second prosecution for the same offense.

■ Application of the foregoing principles to the circumstances in this case presents no great difficulty. Mr. Guthartz submitted a letter claiming that a new fire alarm system would cost $6,400.00. The jury may permissibly have concluded that an integral part of his written statement was the false estimate showing the installation charge portion of such cost to be $3,800.00. The evidence showed that a true estimate in the amount of $1,900.00 was given to Mr. Guthartz initially by Edd Helms. The false estimate in double that amount was provided defendant at his request, but as between him and Helms was never intended to be used. When he sent his letter and the enclosed estimate to HUD he thereby made a false statement "by means of a letter" as he was charged. A review of the entire record reflects that there is no question whatever of Mr. Guthartz' not having been fully advised of the substance and, indeed, the details of the charged offense. He was tried only on the charges presented in the indictment returned by the grand jury. To whatever degree the disjunctive provisions of section 1001 may be distinguished, it is clear that no such distinction affected the substantial rights of this accused.

■ Defendant's challenge of the materiality of the false statement is also without merit. Mr. Austin D. Hurt, a HUD loan supervisor, testified that applications for rental increases are made on the basis of the claimed need for the increase and "supportive material." The letter and fabricated estimate met this description. Mr. Thomas Newberry, a HUD mortgage servicer, testified that he would not have granted as high a rent increase as he did if he had known the true installation cost of the Bay Terrace fire alarm system. To be material it is sufficient that the statement had the capacity to influence the determination which was required to be made. *United States v. Beer*, 518 F.2d 168 (5th Cir. 1975). Here there was more. From the testimony of HUD officials it appears clear that there was actual reliance on the letter and enclosure.

Mr. Guthartz' motion for new trial based on newly discovered evidence was addressed to the sound discretion of the trial judge and will not be overturned unless an abuse is shown. *Hudson v. United States*, 387 F.2d 331 (5th Cir. 1967), *cert. denied* 393 U.S. 876, 89 S.Ct. 172, 21 L.Ed.2d 147 (1968); *United States v. Jacquillon*, 469 F.2d 380 (5th Cir. 1972). The trial judge conducted a hearing on the motion and received the testimony of Mr. Guthartz, his attorney and Mr. Helms, whose trial testimony was attacked as untruthful. Helms reaffirmed his earlier testimony. At the

conclusion of the hearing the trial judge concluded that Helms' testimony was believable and was not satisfied that the testimony of a material witness was false. The requirements of *Martin v. United States*, 17 F.2d 973 (5th Cir. 1927), *cert. denied* 275 U.S. 527, 48 S.Ct. 20, 72 L.Ed. 408 (1927) on which defendant relies simply were not met.

We find no merit in any of appellant's contentions of error.

AFFIRMED.