**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Stephen C. MOUTON,**
**Defendant-Appellant.**

**No. 80–2088**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.
Unit A

Sept. 30, 1981.

Craig A. Washington, Houston, Tex., for defendant-appellant.

James R. Gough, James L. Powers, Michol O'Connor, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GEE, GARZA and TATE, Circuit Judges.

PER CURIAM:

The appellant, Stephen C. Mouton, was indicted for violations of 18 U.S.C. § 1001 and 18 U.S.C. § 601.[1]  After a trial by jury,

---

1. 18 U.S.C. § 1001 (1976) provides:

Whoever, in any manner within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.

18 U.S.C. § 601 (1976) provides in relevant part:

(a) Whoever, directly or indirectly, knowingly causes or attempts to cause any person to make a contribution of a thing of value (including services) for the benefit of any candidate or any political party, by means of the denial or deprivation, or the threat of the denial or deprivation of—

(1) any employment, position, or work in or for any agency or other entity of the Government of the United States, a State, or

he was found guilty of the first charge and innocent of the second.[2] This appeal follows challenging his conviction on several grounds. First, the appellant argues that the indictment was defective because it failed to allege that he "aided or abetted" in the use and transmittal of the false document which constituted an element of the crime for which he was charged. Second, appellant argues that the credibility of the government's principal witness was not "of such weight and sufficiency as to convict the appellant." Third, the appellant alleges that the district court erred in denying his motion to disqualify the prosecutor. Finally, appellant argues that the evidence was insufficient to support his conviction when viewed in light of the credibility of the government's principal witness. For the reasons set forth below, we conclude that the judgment of the Court below was correct and should be affirmed.

## I

Stephen Mouton was employed by the Houston Area Urban League (HAUL) as a project director for the On the Job Training Program (OJT) in the Houston area financed under the Comprehensive Employment and Training Act (CETA) as amended, 29 U.S.C. § 801 et seq. (1976). He received both salary and compensation from CETA funds. Mouton was charged with using and causing to be used a false time sheet dated October 28, 1977, for the purpose of issuing an OJT salary check to OJT employee Olga Velasquez. This time sheet stated that Ms. Velasquez had worked a full eight hours on October 17, 1977, for the OJT Program; the indictment charged that Mouton approved the time sheet despite his knowledge that such information contained within was in fact false.

At trial, Ms. Velasquez testified that on the morning of October 17, 1977, Mouton informed her and several other office employees that a press conference sponsored by GAPPS, a local political group of which appellant was a member, was being held that morning across town and that all employees were to attend. Ms. Velasquez stated that she attended the press conference with her fellow employees because she had been directed to do so by her supervisor, and that during her attendance, the OJT office was closed and locked. She also stated that she was instructed by the appellant not to reveal at the conference that she was an employee of the Houston Area Urban League. In all, Ms. Velasquez spent three to four hours traveling to and from and attending the press conference.

Ms. Velasquez testified that upon her return to the office she was directed by her immediate supervisor Gail Gray and by Mouton to fill out her bi-weekly time sheet to reflect that she had worked a full eight-hour day. This time sheet was submitted to the accounting department of HAUL and the information which it contained was used to prepare the payroll or "transmittal" time sheet for the OJT office. The transmittal together with all employee time sheets was then returned to the OJT office for approval by the project director, Mouton. The transmittal was signed and approved by Mouton and submitted to the accounting office which subsequently paid Ms. Velasquez according to the false information contained within it.

## II

Initially, the appellant argues that the indictment was defective because it failed to allege that he aided and abetted in using

a political subdivision of a State, or any compensation or benefit of such employment, position, or work; or

   (2) any payment of benefit of a program of the United States, a State, or a political subdivision of a State;

if such employment, position, work, compensation, payment, or benefit is provided for or made possible in whole or in part by an Act of

Congress, shall be fined not more than $10,000, or imprisoned not more than one year, or both.

**2.** Imposition of sentence was suspended and appellant was placed on supervised probation for a period of three years, with probation conditional on the completion of four hundred hours of community service at the rate of five hours per week during the first two years of probation.

or causing to be used a false document. Appellant argues that because Ms. Velasquez admittedly prepared her false time sheet, the only act which appellant performed was to aid and abet in the submission of the false information to the accounting office. Without citing any authority for his proposition, appellant argues that this somehow makes the indictment defective.[3]

The test to determine the sufficiency of an indictment is well established. An indictment is sufficient if it contains the essential elements of the offense so that it fairly informs the defendant of the charge against him and if it adequately enables the defendant to be protected against further prosecution for the same offense. *United States v. Broome*, 628 F.2d 403, 405 (5th Cir. 1980); *United States v. Guthartz*, 573 F.2d 225, 227 (5th Cir.), *cert. denied*, 439 U.S. 864, 99 S.Ct. 187, 58 L.Ed.2d 173 (1978). Furthermore, an indictment is to be read in light of its purpose, which is to inform the accused of the charges against him. *United States v. Ylda*, 643 F.2d 348, 352 (5th Cir. 1981). Its validity is governed by practical, not technical, considerations. *United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. 1981).

In this light, it is overwhelmingly clear that the indictment informed the appellant of the charges against him and effectively precluded him from further prosecution for the same offense. Specifically, it stated that the appellant violated 18 U.S.C. § 1001 when he *"caused to be used* a false time sheet dated October 28, 1977"[4] know-

ing that the "false time sheet stated that Olga Velasquez worked eight (8) hours for the OJT program on October 17, 1977" and that such "statement of hours worked was false." It is clear that the indictment was sufficient to allege a violation by the appellant of 18 U.S.C. § 1001. Thus, appellant's first argument must fail. *See United States v. Guthartz, supra.*

Appellant additionally contends that Olga Velasquez was so impeached as a witness that her testimony should not have been considered in convicting him.[5] He cites no authority, however, to support his position.

It is an old established rule of Anglo-American jurisprudence that the jury is the arbiter of the credibility of a witness. *United States v. Cravero*, 530 F.2d 666, 670 (5th Cir. 1976); *see also, Hoffa v. United States*, 385 U.S. 293, 311, 87 S.Ct. 408, 418, 17 L.Ed.2d 374 (1966); *Glasser v. United States*, 315 U.S. 60, 77, 62 S.Ct. 457, 468, 86 L.Ed. 680 (1941); *United States v. Parr*, 516 F.2d 458, 464 (5th Cir. 1975); *United States v. Davis*, 487 F.2d 112, 126 (5th Cir. 1973). The testimony of Ms. Velasquez was believable and subject only to mild impeachment.[6] The jury was entitled to independently weigh the credibility of her testimony and it was not unreasonable for them to believe her.

Appellant, in his third argument, contends that the district court erred when it denied his motion to disqualify the prosecutor. During the questioning of Ms. Velasquez at the trial, the prosecutor asked the

---

3. We note at the outset that appellant took no exception to the indictment in advance of trial, by motion or otherwise. Indeed, he raises this argument for the first time on appeal. Federal Rules of Criminal Procedure 12(b)(2) and 12(f) provide that objections to defects in an indictment, other than those attacking jurisdiction or alleging that the indictment fails to charge an offense, are waived if not made prior to trial. *See United States v. Freeman*, 619 F.2d 1112 (5th Cir. 1980), *cert. denied*, 450 U.S. 910, 101 S.Ct. 1348, 67 L.Ed.2d 334 (1981). Nevertheless, we have addressed the substance of appellant's claim and find it to lack merit.

4. Emphasis added.

5. Appellant refers to two occasions when Ms. Velasquez was arguably impeached. First, Ms. Velasquez admitted that she knowingly falsified her time sheet at the direction of her immediate supervisor and Mouton. Second, she applied for unemployment compensation to the Texas Employment Commission and stated that she had been terminated from her employment with the CETA Program when in fact she had voluntarily left her position several days before funding for that position was terminated.

6. *See* note 5, *supra.*

witness if she had been threatened about her testimony. At this point, appellant objected and asked for a mistrial [7] and, after the jury was dismissed from the courtroom, moved to disqualify the prosecutor. This motion was denied. Appellant, without citing specific instances in the record, argues that the prosecutor subsequently prejudiced the jury with "inflammatory remarks," "mis-statements" [sic], and "unfounded accusations against the [a]ppellant." We have reviewed the trial record and find that these claims are totally unsubstantiated. In light of appellant's failure to produce a record to support his claim, we must dismiss it. *United States v. Baldwin*, 644 F.2d 381, 385 (5th Cir. 1981).

Finally, appellant argues that the evidence presented was insufficient to convict him of the crime charged in the indictment. The test to determine the sufficiency of evidence to support a criminal conviction requires us to examine such evidence in a view most favorable to the government, *Glasser v. United States*, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704 (1942), to determine if a reasonably minded jury could accept the relevant evidence as adequate and sufficient to support the conclusion of defendant's guilt beyond a reasonable doubt. *United States v. Parr, supra* at 463–64; *see also, United States v. Goss*, 650 F.2d 1336, 1341–42 (5th Cir. 1981).

The testimony of Ms. Velasquez, which the jury chose to believe, established that Mouton directed her to leave work to attend the press conference and to fill in her time sheet to inaccurately reflect that she worked a full eight-hour day. From the testimony of Ms. Velasquez and others, it could be found beyond a reasonable doubt that Mouton signed and transmitted to the accounting office a time sheet which he knew to contain false information concerning the number of hours which Ms. Velasquez worked on October 17, 1977. It is apparent from the record that the evidence presented was sufficient to support the jury verdict; thus, appellant's final argument must fail.

AFFIRMED.

---

7. During the discussion which followed appellant's motion for mistrial and in the absence of the jury, Ms. Velasquez testified that she had received threats from a named individual unrelated to the proceeding in reference to her testifying in this case. Her testimony did not at any time suggest that the defendant was aware of or responsible for these threats. Defense counsel moved for an instruction which was granted. The judge instructed the jury that there was no evidence that the defendant, Mouton, made any threats or directed any threats against her, that such testimony was inadmissible and highly prejudicial, and that the jury was to disregard the fact that the question was asked and unanswered.