UNITED STATES of America,
Plaintiff-Appellee,

v.

Arbruary Dale CAMPBELL and Larry K.
Holmes, Defendants-Appellants.

Nos. 81–2270, 81–2486 and 81–2490
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Aug. 24, 1982.

Arbruary Dale Campbell, pro se.

Frank Davila, Corpus Christi, Tex., for defendants-appellants in No. 81–2270.

Carl Walker, Jr., U. S. Atty., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee in No. 81–2270.

James R. Lawrence, Corpus Christi, Tex. (Court Appointed), for defendants-appellants in Nos. 81–2286, 81–2490.

Daniel K. Hedges, U. S. Atty., John M. Potter, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee in Nos. 81–2286, 81–2490.

Before GEE, RANDALL and TATE, Circuit Judges.

PER CURIAM:

The sole questions presented by these companion appeals are whether certain indictments are sufficient to state an offense against the United States. Appellants burned improvements to collect insur-

ance. In one instance, the device used was alleged to be "a destructive device made from flammable liquid and gun powder with a fuse made of gun powder and a candle . . . ." In another, it was charged as "a destructive device made from cloth rags, flammable liquid with a fuse made of incense sticks . . . ."

Among the types of "firearms" proscribed (in great part) by Federal law is "a destructive device." 26 United States Code Section 5845(a)(8). Section 5845(f) defines a destructive device as, among other things, "any . . . incendiary . . . bomb . . . or similar device; . . ."

■ Home-made fire bombs are "destructive devices," even though their components may all be legally possessed. We have long so held. *United States v. Wilson*, 546 F.2d 1175, 1177 (5th Cir. 1977) (gasoline, bottle, rags: Molotov cocktail). Nor does it matter, in logic, whether the home-made bomb is compact and easily transported or one of a dispersed nature, assembled on particular premises to accomplish their ruin.

■ The test to determine the sufficiency of an indictment is whether it contains the essential elements of the offense so that it fairly informs the defendant of the charges against him and adequately enables the defendant to be protected against further prosecution for the same offense. *United States v. Mouton*, 657 F.2d 736, 739 (5th Cir. 1981), *citing United States v. Broome*, 628 F.2d 403, 405 (5th Cir. 1980). The validity of an indictment is governed by practical and not technical considerations. *United States v. Mouton*, 657 F.2d at 739, *citing United States v. Varkonyi*, 645 F.2d 453, 456 (5th Cir. 1981). In order to dismiss an indictment for failure to state an offense, the court must find that the indictment does not contain the elements of the offense intended to be charged. *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 1046, 8 L.Ed.2d 240 (1962); *United States v. Uni Oil, Inc.*, 646 F.2d 946, 953 (5th Cir. 1981), *cert. denied*, —— U.S. ——, 102 S.Ct. 1254, 71 L.Ed.2d 446 (1982).

These did.

AFFIRMED.