**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Lopez QUINTERO, a/k/a Joe Lopez Quintero, Defendant–Appellant.**

No. 88–5547.

United States Court of Appeals, Fifth Circuit.

April 18, 1989.

John Pinckney, III, San Antonio, Tex., court appointed, for defendant-appellant.

Le Roy Morgan Jahn and Janet E. Bauerle, Asst. U.S. Attys., Helen M. Eversberg, U.S. Atty., Chris Gober, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge and HIGGINBOTHAM, Circuit Judge, and LITTLE,* District Judge.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

A jury convicted Jose Lopez Quintero on two separate counts for being a three-time convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). The trial judge sentenced Quintero to consecutive twenty year prison terms on each count pursuant to § 924(e)(1). For the reasons stated below, we affirm Quintero's convictions.

I

On May 27, 1987, Officers Bays and Dawson responded to information that an apartment in their area contained heroin. Before obtaining a search warrant, they went to the building to obtain a better description of the apartment. The officers spotted Quintero and two others leaving the apartment. They identified themselves as officers and asked the three to stop. Two stopped, but Quintero continued to walk rapidly toward a truck parked nearby. Officer Bays again asked Quintero to stop and followed him to the truck. As Quintero rounded the side of the truck, he put his hand in his pocket. Officer Bays immediately grabbed Quintero's hand, and discovered heroin in Quintero's pocket. Quintero was arrested and advised of his *Miranda* rights. After obtaining a search warrant, the officers searched the apartment and discovered heroin, drug paraphernalia, and two rifles. When Officer Bays asked who

* District Judge of the Western District of Louisiana, sitting by designation.

owned the weapons, Quintero responded that they were his. Quintero later signed a written statement acknowledging possession and ownership of the rifles.

On October 13, 1987, Officers Delgado and Myers were conducting surveillance to locate a suspect named Leroy Garcia. The officers observed Quintero, who they believed to be Garcia, enter a car and drive away. The officers followed to determine whether the driver was Garcia. The driver attempted to flee, hitting a parked car and jumping a curb in the process. A chase ensued. When the officers apprehended Quintero, they discovered a gun on the floor of the car. After advising Quintero of his *Miranda* rights, Officer Delgado asked Quintero who owned the weapon. Quintero admitted that the weapon was his.

At the time of these incidents Quintero had two prior convictions in Texas for burglary with intent to commit theft and one prior conviction in Michigan for assault with intent to rob while armed.

Quintero was indicted on two separate counts for being a three-time convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Section 922(g)(1) prohibits a convicted felon from possessing a firearm. Section 924(e)(1) mandates a fifteen year minimum sentence for those who violate § 922(g) and have three prior convictions for "violent felonies." Quintero moved to dismiss those portions of the indictment alleging a separate violation of § 924(e)(1) on grounds that it was merely a sentence enhancement provision. He argued that the indictment failed to allege an offense, and that the reference to his three prior felony convictions was prejudicial. He offered to stipulate that he had one prior felony conviction, since that was an element of the § 922(g)(1) charge which had to be proven at trial. He argued that the additional felony convictions should be presented to the court after trial, since they were relevant only for purposes of sentencing. The trial court denied Quintero's motion, construing § 924(e)(1) to create a separate offense and ruling that his three prior felony convictions were an essential element of that offense to be pled

in the indictment and proven at trial. The court also denied Quintero's motion to sever the counts of the indictment, and his motion in limine to prohibit the government from referring to his possession of heroin at trial.

Quintero was convicted on both counts after a jury trial. The trial judge sentenced Quintero to two consecutive twenty year prison terms pursuant to § 924(e)(1). Quintero's subsequent motions for judgment of acquittal, new trial and in arrest of judgment were all denied.

## II

On appeal, Quintero contends that the trial court erred by denying his motion to dismiss those portions of the indictment alleging separate violations of § 924(e)(1). He contends that the indictment failed to allege an offense and that the reference to his three prior felony convictions deprived him of a fair trial. Quintero also argues that the trial court erred by refusing to sever the counts of the indictment and by denying his motion in limine to prohibit the government from referring to his possession of heroin at trial. Finally, Quintero argues that his two Texas burglary convictions do not qualify as predicate offenses that trigger sentence enhancement under § 924(e)(1).

We first address Quintero's contention that the trial court erred by refusing to dismiss the § 924(e)(1) charges from the indictment.

Section 924(e)(1) provides:

In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under section 922(g), and such person shall not be eligible for parole

with respect to the sentence imposed under this subsection.

18 U.S.C. § 924(e)(1) (Supp.1988).[1]

Until recently, we had not determined whether § 924(e)(1) created a separate offense or was a sentence enhancement provision. In *United States v. Davis*, 801 F.2d 754, 755 (5th Cir.1986), we held that the antecedent statute to § 924(e), 18 U.S.C. App. § 1202(a) (repealed), created a separate offense.[2] We explained that § 1202(a) lacked certain common indicia of sentence enhancement provisions: (1) it did not predicate increased punishment upon conviction under another statutory provision; (2) it did not derive its penalty as a multiplier of another statutory provision; and (3) it was not titled as a sentencing provision nor did it set out procedures for the sentencing hearing. *Id.* at 755–56. We vacated Davis' sentence because his three prior convictions were not separately alleged in the indictment and proven at trial.

In considering Quintero's motion, the trial court faced a difficult choice. If § 924(e)(1) created an independent offense, Quintero's three prior convictions were an essential element that had to be pled in the indictment and proven in the liability portion of the trial. However, if § 924(e)(1) were a sentence enhancement provision, evidence of the additional convictions would be unnecessary and prejudicial. While

recognizing that our decision in *Davis* did not definitively establish the status of the statute as amended, the court nevertheless concluded that § 924(e)(1) created a separate offense.

■ Uncertainty about the status of § 924(e)(1) has since been resolved. In *United States v. Affleck*, 861 F.2d 97 (5th Cir.1988), we held that § 924(e)(1) did not create a separate offense but was merely a sentence enhancement provision. We explained that the 1986 amendments to former § 1202(a) made clear that the purpose of § 924(e)(1) was "to provide enhanced punishment for those persons convicted under § 922(g) who also have three previous felony convictions." *Id.* at 99. *Accord United States v. Dickerson*, 857 F.2d 414, 417 (7th Cir.1988).

In hindsight, the trial court erred by denying Quintero's motion to dismiss those portions of the indictment charging him with violating § 924(e)(1). While the § 922(g)(1) charge required the government to establish that Quintero had one prior felony conviction, the additional felony convictions were not an element of the offense charged and should not have come before the jury. They were pertinent only for purposes of sentencing under § 924(e)(1). We must determine whether this error requires reversal of Quintero's convictions.

---

1. The provisions contained in § 924(e)(1) were previously codified at 18 U.S.C.App. § 1202(a), and prohibited previously convicted felons from receiving, possessing, or transporting in commerce, or affecting commerce, any firearm. Omnibus Crime Control and Safe Streets Act of 1968, Pub.L. 90–351, § 1202(a), 82 Stat. 197, 236 (1968). In 1984, Congress amended Section 1202(a), adding an increased penalty for felons with three previous convictions for robbery or burglary who subsequently possessed firearms. Armed Career Criminal Act of 1984, Pub.L. 98–473, § 1202(a), 98 Stat. 2185 (1985). In 1986, Congress repealed § 1202(a). The Armed Career Criminal Act was then amended and recodified at 18 U.S.C. § 924(e), as part of a general consolidation of the federal firearms laws. Firearms Owners' Protection Act, Pub.L. No. 99–308, 100 Stat. 456 (1986).

2. Other Circuits have disagreed, finding that § 1202(a) is a sentence enhancement provision rather than a separate offense. *See United States v. Rumney*, 867 F.2d 714 (1st Cir.1989); *United States v. Hawkins*, 811 F.2d 210, 220 (3d

Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 110, 98 L.Ed.2d 69 (1987); *United States v. Blannon*, 836 F.2d 843, 844–45 (4th Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988); *United States v. Brewer*, 853 F.2d 1319 (6th Cir.) (en banc) (overruling prior finding that § 1202(a) created a separate offense), *cert. denied,* — U.S. —, 109 S.Ct. 375, 102 L.Ed.2d 364 (1988); *United States v. Priovolos*, 844 F.2d 415 (7th Cir.), *cert. denied,* — U.S. —, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988); *United States v. Rush*, 840 F.2d 574, 576–78 (8th Cir.) (en banc), *cert. denied,* — U.S. —, 108 S.Ct. 2908, 101 L.Ed.2d 940 *cert. denied, sub nom. Cloyd v. United States,* — U.S. —, 108 S.Ct. 2910, 101 L.Ed.2d 942 (1988); *United States v. West*, 826 F.2d 909, 911 (9th Cir.1987); *United States v. Gregg*, 803 F.2d 568, 570 (10th Cir.), *cert. denied,* 480 U.S. 920, 107 S.Ct. 1379, 94 L.Ed.2d 693 (1987); *United States v. Jackson*, 824 F.2d 21, 22–26 (D.C.Cir.), *cert. denied,* — U.S. —, 108 S.Ct. 715, 98 L.Ed.2d 665 (1988).

Quintero first contends that the indictment, charging him with violations of both §§ 922(g)(1) and 924(e)(1) in each count, failed to charge an offense. The test for determining whether an indictment is sufficient "is whether it contains the essential elements of the offense so that it fairly informs the defendant of the charges against him and adequately enables the defendant to be protected against further prosecution for the same offense." *United States v. Campbell*, 685 F.2d 131, 132 (5th Cir.1982). *See also Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Mouton*, 657 F.2d 736, 739 (5th Cir.1981). "Surplusage in an indictment may generally be disregarded where the charge is not materially broadened and the accused is not misled." *United States v. Trice*, 823 F.2d 80, 89 n. 8 (5th Cir.1987).

The Seventh Circuit recently addressed this issue, upholding the conviction of a defendant against his claim that the one count indictment, which alleged violations of both §§ 922(g)(1) and 924(e)(1), failed to charge an offense. *United States v. Lowe*, 860 F.2d 1370, 1381 (7th Cir.1988). The court held that:

> Under Rule 7(c) of the Federal Rules of Criminal Procedure, a miscitation such as the reference to § 924(e) is harmless error and cannot be grounds for dismissing the indictment or reversing the conviction unless the defendant is misled by the erroneous reference and prejudiced thereby. *United States v. Hutcheson*, 312 U.S. 219, 229, 61 S.Ct. 463, 464, 85 L.Ed. 788 (1941); *United States v. Garner*, 529 F.2d 962 (6th Cir.), *cert. denied*, 426 U.S. 922, 96 S.Ct. 2630, 49 L.Ed.2d 376 (1976). It is apparent from the content of Lowe's numerous pretrial motions that the indictment created no such notice problem for him or his counsel.

860 F.2d at 1381.

■ Quintero does not even allege that he was misled or that he did not receive adequate notice of the charges against him, claiming only that there is no such offense as that charged in the indictment. Likewise, we find no evidence in the record that Quintero was misled by the surplusage.

Accordingly, we reject Quintero's argument that his convictions must be reversed on grounds that the indictment was insufficient. *See* Fed.R.Crim.P. 7(c)(3).

Quintero next contends that reference in the indictment to his three prior convictions for "violent felonies" was prejudicial and deprived him of a fair trial. The government responds by claiming that it was free to allege more than one prior felony conviction to establish that Quintero was a convicted felon, as required by § 922(g)(1).

■ We recognize that under certain circumstances a court may have discretion to admit evidence of more than one prior conviction when necessary to establish an element of the offense charged. Quintero, however, offered to stipulate to one prior felony conviction to satisfy the essential element of § 922(g)(1). Although Quintero's offer to stipulate does not deprive the government of its right to offer proof of that conviction, it does weigh in the balance in determining the probative value of additional convictions. *Cf. United States v. Barfield*, 527 F.2d 858, 861 n. 5 (5th Cir. 1976) (articulating guidelines); *cf. United States v. LaChappelle*, 542 F.2d 257, 258 (5th Cir.1976). We find that under the circumstances of this case, evidence regarding Quintero's two additional felony convictions was both unnecessary and irrelevant, and should not have come before the jury. Fed.R.Evid. 403.

■ The government argues, however, that such error was harmless in light of the overwhelming evidence against Quintero at trial. "An error is harmless if the reviewing court is sure, after viewing the entire record, that the error did not influence the jury or had a very slight effect on its verdict." *United States v. Heller*, 625 F.2d 594, 599 (5th Cir.1980). *See also United States v. Underwood*, 588 F.2d 1073, 1076 (5th Cir.1979).

The prejudice inherent in allowing evidence of an accused's prior convictions before a jury when they are not elements of the charged offense is obvious. The jury may be willing to convict the accused based on the inference that he was acting in conformity with past misconduct rather

than upon the government's proof beyond a reasonable doubt that he committed the offense charged. *See, e.g., United States v. Bailleaux*, 685 F.2d 1105, 1109 (9th Cir. 1982).

The government relies on the Seventh Circuit's recent decision in *United States v. Pirovolos*, 844 F.2d 415 (7th Cir.1988), to support its claim that evidence of Quintero's additional felony convictions was harmless error. In that case, Pirovolos challenged his convictions under former § 1202(a) on grounds that the trial court erroneously allowed the prosecution to present proof of his prior convictions. The trial court was presented with the same dilemma faced by the district court in the instant case: whether § 1202(a) created a separate offense or a sentence enhancement provision. Relying on this circuit's decision in *Davis*, the trial court held that former § 1202(a) created a separate offense requiring proof of Pirovolos's prior armed robbery convictions. Accordingly, the trial court admitted into evidence certified records of Pirovolos's prior convictions and allowed the prosecution to publish them to the jury.

On appeal, the Seventh Circuit held that the trial court erred by relying on *Davis* and admitting evidence of Pirovolos's prior convictions, finding that § 1202(a) was merely a penalty enhancement provision. *Id.* at 420. The court found, however, that the admission of Pirovolos's prior convictions had no substantial influence on the jury's verdict and was harmless error. *Id.* at 421. The court relied on the following factors: (1) that evidence of Pirovolos's prior convictions added very little to the case against him because the jury would have known that he was a convicted felon under the firearm possession charge; (2) no potentially damaging details regarding the prior convictions reached the jury; and (3) the evidence against Pirovolos's flawed self-defense argument was "more than overwhelming." *Id.* at 421–22. *Accord United States v. Lowe*, 860 F.2d 1370, 1381–82 (7th Cir.1988) (upholding accused's conviction under § 922(g)(1) against a challenge to erroneous admission of prior felonies).

In reaching its conclusion, the Seventh Circuit emphasized Pirovolos's flawed defense. Pirovolos testified at trial that he possessed the gun only temporarily for self-defense. The court noted that in addition to the prosecution's evidence, "Pirovolos's own account of the events ... casts doubt on his assertion of self-defense." *Id.* at 421–22. The court concluded

> Pirovolos's story was, in a word, preposterous. The jury chose not to believe it, and we are firmly convinced that eliminating any reference to the prior convictions would not have affected their choice.

844 F.2d at 422.

Similarly, the evidence regarding Quintero's additional felony convictions added very little to the case against him. The jury would have known that he was a convicted felon under the § 922(g)(1) charge. The government did not present any damaging details underlying these offenses, but merely introduced into evidence the certified copies of Quintero's convictions.

The evidence against Quintero's defense at trial was also overwhelming, including both a verbal and written confession on Count One and a verbal confession on Count Two. Quintero did not testify, and rested without calling any witnesses. His counsel admitted at oral argument on appeal that Quintero had no defense to Count Two beyond putting the government to its burden of proof. Two police officers testified that after apprehending Quintero in a high speed car chase they discovered the firearm on the floor of his car. Quintero later admitted that the weapon was his. Quintero's position as to Count One was that he was "joking around" and taking the "rap" for his companions. In support of his position, Quintero notes that the firearms were found in his companions' apartment and that he had misidentified his companions in his written statement. The government presented evidence, however, that Quintero had been warned about the seriousness of possessing a firearm as a convicted felon. The government also produced evidence of Quintero's verbal and

written confessions. Viewing this record as a whole, we are confident that the trial court's error in admitting evidence of Quintero's additional convictions had little, if any, influence on the jury's verdict and constituted harmless error.

Quintero next argues that the trial court erred by refusing to sever the counts of the indictment. He contends that under Fed.R. Crim.P. 14, the two counts should have been severed because he had a defense to Count One "but might not wish to testify regarding allegations involving [C]ount [T]wo of the indictment." We have previously held that "a defendant seeking severance of charges because he wishes to testify as to some counts but not to others has the burden of demonstrating 'that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other.' " *United States v. Davis*, 752 F.2d 963, 972 (5th Cir.1985) (quoting *United States v. Forrest*, 623 F.2d 1107, 1115 (5th Cir.), *cert. denied*, 449 U.S. 924, 101 S.Ct. 327, 66 L.Ed.2d 153 (1980)). *Accord United States v. Lueben*, 812 F.2d 179, 187 (5th Cir.1987).

■ In *Lueben*, we denied a defendant's motion to sever because his "bare allegation that he wanted to testify with respect to one count but not with respect to the other[s] gave the trial judge no factual basis on which to evaluate possible prejudice." 812 F.2d at 187 (quoting *Forrest*, 623 F.2d at 1115). Similarly, Quintero makes only bare allegations of potential prejudice. The trial court concluded that these allegations were insufficient to justify severance, finding that Quintero had "failed to allege any specific prejudice that w[ould] inure to him because of the joinder." We find no abuse of discretion in the trial court's decision.

Quintero also argues that the trial court erred by denying his motion in limine. In that motion, Quintero requested the court to instruct the prosecutor to refrain from making any statement or asking any question reasonably calculated to cause any in-ference that he possessed heroin when he was arrested on May 27, 1987. The trial court denied that motion prior to trial. Quintero now contends that all evidence of heroin should have been excluded because its probative value was substantially outweighed by the danger of unfair prejudice. *See* Fed.R.Evid. 403. He also contends that the government's failure to provide chemist reports on the heroin during discovery violated Fed.R.Crim.P. 16.

The trial court admitted testimony by Officer Bays, who stated on direct examination that he arrested Quintero based upon what he found in his pocket. Bays did not identify what he found, but stated that it was not a firearm. He also testified that he obtained a search warrant to look for heroin in the apartment, and that heroin was later found. All other references to heroin were elicited by Quintero on cross-examination.

We have consistently held that the decision to admit evidence rests within the sound discretion of the trial judge. *See, e.g., United States v. Fesler*, 781 F.2d 384, 389 n. 3 (5th Cir.), *cert. denied*, 476 U.S. 1118, 106 S.Ct. 1977, 90 L.Ed.2d 661 (1986). We have also held that where evidence is inextricably intertwined with the offense charged, it is relevant and not extrinsic. *United States v. Lamp*, 779 F.2d 1088, 1095 (5th Cir.), *cert. denied*, 476 U.S. 1144, 106 S.Ct. 2255, 90 L.Ed.2d 700 (1986).

■ The officers search for heroin was part and parcel of the general description of events leading to Quintero's arrest and the discovery of the weapons. Officer Bays' testimony on direct omitted any reference to heroin found on Quintero. The only testimony linking Quintero with the heroin seized at his companion's apartment was elicited by Quintero during cross-examination.[3] We find no abuse of discretion in the trial judge's decision to admit this limited testimony which was "inextricably intertwined with the offense charged." Even had the trial judge abused his discretion in admitting such evidence, such error

---

3. On cross-examination, Quintero's counsel elicited from Officer Bays that Quintero had been charged with possession of heroin in state court.

Quintero's counsel later requested Officer Bays to determine, during an overnight recess, whether that charge was still pending.

would be harmless in light of the overall record in this case.

 Quintero's claim that the government violated Fed.R.Crim.P. 16 by failing to produce chemist reports on the heroin during discovery is meritless. No physical evidence of heroin was introduced at trial. Moreover, Quintero has failed to show that he was prejudiced thereby.

Finally, Quintero challenges the sentence imposed by the trial court under § 924(e)(1), which mandates a fifteen year minimum sentence without parole for those who violate § 922(g) and have three prior convictions for "violent felonies." Quintero contends that his two Texas burglary convictions do not qualify as "violent felonies" for purposes of that provision. While conceding that § 924(e)(2)(B)'s definition of "violent felony" includes "burglary," Quintero notes that the statute does not define that term. He argues that his burglary convictions do not come within the meaning of "burglary" in § 924(e)(2)(B)(ii).

We recently rejected such claims in *United States v. Leonard*, 868 F.2d 1393 (5th Cir.1989), finding that "a conviction for a crime which the state denominates 'burglary' is a conviction for burglary within the meaning of § 924(e)(2)(B)(ii)." *Id.*, 868 F.2d at 1398. We concluded that "[t]he sentencing court need not inquire into the elements of the state law offense, or into the particular defendant's conviction." *Id.* The trial court did not err by concluding that Quintero's Texas burglary convictions qualified as "violent felonies" for purposes of sentence enhancement under § 924(e)(1).

In summary, we find that the trial court erred by reading § 924(e)(1) to create a separate offense and admitting into evidence before the jury Quintero's three prior felony convictions. In viewing the entire record as a whole, however, we are confident that this error had little or no effect on the jury's deliberations. We find no error in the trial court's refusal to sever the counts of the indictment, its denial of Quintero's motion in limine, or its application of § 924(e)(1) to enhance Quintero's

sentence. We therefore affirm Quintero's convictions.

AFFIRMED.