**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-41169
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD ERIC HUNN,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CR-232-ALL

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

A jury convicted Richard Eric Hunn of possessing an unregistered firearm in violation of 26 U.S.C. § 5861(d) and possessing a firearm not identified by a serial number in violation of § 5861(i). Without objection, the district court sentenced Hunn within the advisory sentencing guidelines range to a 108-month term of imprisonment with 12 months sentence credit for time already served on state charges.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hunn argues on appeal that the evidence fails to show that the homemade pipe bomb he possessed was a "destructive device" that is a firearm within the meaning of § 5861. Because Hunn moved for a judgment of acquittal at the close of the Government's evidence, we review his challenge to the sufficiency of the evidence de novo. *See United States v. Williams*, 507 F.3d 905, 908 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2074 (2008). We must determine whether a reasonable jury could have found that the evidence establishes Hunn's guilt beyond a reasonable doubt. *See United States v. Lewis*, 476 F.3d 369, 377 (5th Cir. 2007).

The National Firearms Act, 26 U.S.C. § 5841, et. seq., defines the term "firearm" to include, inter alia, a "destructive device." 26 U.S.C. § 5845(a)(8). "[A]ny explosive, incendiary, or poison gas . . . bomb" is a "destructive device." § 5845(f)(1)(A). A "destructive device" also includes "any combination of parts either designed or intended for use in converting any device into a destructive device . . . and from which a destructive device may be readily assembled." § 5845(f)(3). A homemade explosive device is a prohibited destructive device under § 5845(f) even if all of its individual components may be possessed legally. *United States v. Price,* 877 F.2d 334, 337 (5th Cir. 1989). "Moreover, unassembled components fit within the definition of a destructive device if the defendant possesses every essential part necessary to construct an explosive device, and if those parts may be assembled readily." *Id.*; *see also United States v. Wilson*, 546 F.2d 1175, 1177 (5th Cir. 1977). The record demonstrates that Hunn's device was designed to be a weapon, contained explosives, could ignite, did ignite, and was a bomb. Our review of the evidence supports the jury's determination that Hunn possessed a "destructive device" within the meaning of the National Firearms Act. *See Lewis*, 476 F.3d at 377.

Hunn also contends that his sentence is unreasonable because the district court relied too heavily on the Sentencing Guidelines and failed to consider

potential mitigating factors; however, Hunn does not identify any factors that might have warranted a lower sentence.

A defendant must object to a sentence as unreasonable in the district court in order to preserve a substantive reasonableness challenge. *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). Hunn did not object to his sentence as unreasonable in the district court. Accordingly, his argument is reviewed for plain error. *Id.* To show plain error, the appellant must show an error that is clear or obvious and that affects his substantial rights. *United States v. Baker*, 538 F.3d 324, 332 (5th Cir. 2008), *cert. denied,* 129 S. Ct. 962 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

When the district court imposes a sentence within a properly calculated guidelines range and gives proper weight to the Guidelines and the 18 U.S.C. § 3553(a) factors, this court gives "great deference to that sentence and will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines in light of the sentencing considerations set out in § 3553(a)." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, 129 S. Ct. 328 (2008). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *Id.*

The district court was authorized by statute to sentence Hunn to terms of 120 months of imprisonment on each count. *See* 26 U.S.C. § 5871. The court based Hunn's sentence on the facts that this was his second conviction for an offense involving the manufacture of a dangerous weapon; Hunn fled from the police and engaged in a stand-off; and his conduct endangered himself, the police, and the community. The court ordered that Hunn participate in a mental health treatment program while in prison. As the sentencing court considered the 18 U.S.C. § 3553(a) factors and based Hunn's sentence on the seriousness of

the offense, the need to protect the public, and Hunn's need for mental health treatment, Hunn has not shown that the court imposed an unreasonable sentence or that the sentence was plainly erroneous. *See Baker*, 538 F.3d at 332; *Campos-Maldonado*, 531 F.3d at 338.

AFFIRMED.