# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2010

No. 09-40180

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO GUERRA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-144-7

Before JONES, Chief Judge, and REAVLEY and HAYNES, Circuit Judges.

PER CURIAM:[*]

Eduardo Guerra appeals the total 217-month sentence he received after pleading guilty to two counts of a twelve-count second superseding indictment for knowingly possessing with the intent to distribute more than 500 grams of cocaine (Count Nine) and possessing one or more firearms in furtherance of a drug trafficking crime (Count Eleven).  Guerra argues that he was misled and therefore prejudiced by an error in the citation of the federal statute in the second superseding indictment. He also argues that the district court com-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mitted a significant procedural error that substantially affected his rights when it did not correctly admonish him that Count Eleven would subject him to a mandatory minimum 10-year sentence.

> Count Eleven of the second superseding indictment alleged that Guerra
>
> did knowingly possess . . . a [sic] Olympic Arms, Model MFR.223, semi-automatic assault short barrel rifle, Serial Number SM9579, . . . in furtherance of a drug trafficking crime for which he may be prosecuted in a court of the United States, namely, conspiracy to possess with intent to distribute a controlled substance . . . .
>
> In violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

Guerra's possession of a short-barreled rifle subjected him to a 10-year mandatory minimum sentence pursuant to § 924(c)(1)(B)(i). Guerra asserts that the indictment's failure to reference § 924(c)(1)(B)(i) misled him to his prejudice because he pleaded guilty believing that he was subject to only a five-year mandatory minimum pursuant to § 924(c)(1)(A)(i).

We review the validity of an indictment de novo. *See United States v. Threadgill*, 172 F.3d 357, 373 (5th Cir. 1999). An indictment must meet minimal constitutional standards, and its sufficiency is measured by whether "(1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any uncertainty or ambiguity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense." *Id.* at 366; *see also United States v. Gonzales*, 436 F.3d 560, 569 (5th Cir. 2006) (noting that an indictment meets minimum constitutional standards when it alleges each element of the crime in such a manner as to allow the accused both to prepare a defense and later to invoke the double jeopardy clause).

Neither an error in a citation or the omission of a citation is a ground to dismiss an indictment or reverse a conviction "[u]nless the defendant was misled

and thereby prejudiced." FED. R. CRIM. P. 7(c)(2). The written statements, rather than the citations to statutes, have long been considered the controlling features of an indictment. *See United States v. Garcia*, 954 F.2d 273, 276 (5th Cir. 1992). Furthermore, our review of an indictment is governed by practical rather than technical considerations, and we will not reverse where the deficiencies are minor and the defendant has not been prejudiced. *United States v. Chappell*, 6 F.3d 1095, 1099 (5th Cir. 1993).

Count Eleven of the second superseding indictment closely tracked the language of § 924(c)(1) by specifically alleging that Guerra possessed, in addition to other weapons, a semi-automatic short-barreled rifle in furtherance of a drug trafficking crime (conspiracy to possess with intent to distribute a controlled substance) for which he could be prosecuted. Accordingly, the indictment was constitutionally sufficient in that it unambiguously described the essential elements of the offense and was precise enough to protect Guerra from a subsequent prosecution for the same crime. *See Threadgill*, 172 F.3d at 366. Moreover, Guerra could not have reasonably been misled to his prejudice because Count Eleven explicitly and adequately alleged facts consistent with the offense listed in § 924(c)(1)(B)(i), namely that Guerra possessed a short-barreled rifle during the commission of a drug trafficking crime. *See United States v. Boyett*, 923 F.2d 378, 378 n.1 (5th Cir. 1991). Guerra pleaded guilty to the facts as written in the indictment, and thus was put on sufficient notice that he could be subject to a mandatory minimum of 10 years for possession of a short-barreled rifle. *See United States v. Quintero*, 872 F.2d 107, 111 (5th Cir. 1989).

During rearraignment, the district court initially began to admonish Guerra that he was subject to a 10-year mandatory minimum for Count Eleven due to his possession of a short-barreled rifle. However, the Government intervened and suggested that Guerra was subject to not less than five years in

prison for Count Eleven.  Confusion about the applicable range of punishment ensued and, after much discussion, the district court eventually admonished Guerra that he could be sentenced to between five years and life in prison for Count Eleven.  Guerra argues that the district court's incorrect admonishment as to the applicable mandatory minimum sentence substantially affected his rights.

Guerra did not raise the issue of procedural error before the district court; accordingly, review is for plain error only.  *United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir. 2008).  To establish that a violation of Federal Rule of Criminal Procedure 11 affects substantial rights, a defendant must demonstrate a "reasonable probability" that he would not have pleaded guilty "but for the error."  *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 124 S. Ct. 2333, 2336 (2004).  Even assuming, arguendo, that the district court committed an obvious error, Guerra cannot demonstrate that his substantial rights were affected by any such error because he fails to even allege that he would not have pleaded guilty but for the error.  *See United States v. London*, 568 F.3d 553, 560 (5th Cir. 2009), *petition for cert. filed* (U.S. Aug. 11, 2009) (No. 09-5844).  To the extent Guerra asserts that he would have been exposed to exactly the same sentence under the Guidelines if he had insisted on going to trial, and he was deprived of that option when he was misled about the mandatory minimum sentence, we are unpersuaded.  The evidence against him was overwhelming, and the trial process can always reveal facts that would have altered the sentencing calculus.  Guerra's argument has some appeal but is too speculative to carry his burden of proving a violation of his substantial rights.  For these reasons, the judgment of the district court is **AFFIRMED**.